OMAHA & REPUBLICAN VALLEY RAILWAY COMPANY V. G. M. WRIGHT ET AL.

FILED OCTOBER 21, 1896. No. 6480.

1. **Negligence:** PLEADING: EVIDENCE. A general allegation of negligence is good as against a demurrer, and under such an allegation evidence of any fact which contributed to the injury sued for is competent and relevant.

2. ———: ———: ———. Where a pleader relies upon one or more

specific acts or omissions as negligence, then evidence of any act or omission not within some of such specifications is irrelevant.

3. ———: ———: ———. The first and second points of the syllabus of *Omaha & R. V. R. Co. v. Wright*, 47 Neb., 886, disapproved.

REHEARING of case reported in 47 Neb., 886.

*J. M. Thurston, W. R. Kelly,* and *E. P. Smith,* for plaintiff in error.

*R. S. Norval, contra.*

RAGAN, C.

This is a rehearing of *Omaha & R. V. R. Co. v. Wright,* reported in 47 Neb., 886, where will be found a sufficient statement of the facts. Wright and others alleged in their petition: The railway company, "by its agents and employes, while running at a high rate of speed, carelessly and negligently, without using due caution, ran the engine and train of cars connected therewith and attached thereto over and upon the cattle of these plaintiffs." "That the said defendant, carelessly and negligently, by its employes and servants, in operating said train ran their said engine and train in, over, and upon said plaintiffs' stock, when by exercising proper care and skill in the management and handling of its engine and train it could have stopped said train long before striking said plaintiffs' stock." On the trial of the case in the district court the evidence tended to show that the engineer in charge of the train, by the exercise of due care, could have seen the cattle of Wright and others in time to have stopped the train and avoided injuring them; and the court submitted to the jury the question of the defendant's liability under instructions that if the engineer saw the cattle, or by the exercise of due care could have seen them in time to have stopped the train and avoided the accident, the company was liable for his not so doing.

On the former hearing we held that the instructions were correct as abstract statements of law, but reached

the conclusion that the instructions submitted to the jury an issue not made by the pleadings, and for that reason were of opinion that the judgment of the district court should be reversed. A re-examination of the question, however, has led us to a different conclusion. The rule, we think, is this: That a general allegation of negligence is good against a demurrer; and under such an allegation evidence of any fact which contributed to the injury sued for is competent and relevant; but where a pleader relies upon one or more specific acts or omissions as negligence, then evidence of any act or omission not within some of such specifications is irrelevant. (*Grinde v. Minneapolis & St. P. R. Co.*, 42 Ia., 376;. *Garner v. Hannibal & St. J. R. Co.*, 34 Mo., 235; *Schneider v. Missouri P. R. Co.*, 75 Mo., 295; *Mack v. St. Louis, K. C. & N. R. Co.*, 77 Mo., 232; Black, Proof and Pleadings in Accident Cases, sec. 139; *Clark v. Chicago, M. & St. P. R. Co.*, 28 Minn., 69; *Keating v. Brown*, 30 Minn., 9; *Lucas v. Wattles*, 49 Mich., 380; *Ware v. Gay*, 11 Pick. [Mass.], 106; *Smith v. Old Colony & N. R. Co.*, 10 R. I., 22; *House v. Marius*, 100 Cal., 592; *Sullivan v. Missouri P. R. Co.*, 97 Mo., 113; *Pope v. Kansas City Cable R. Co.*, 99 Mo., 400; *Ohio & M. R. Co. v. McCartney*, 121 Ind., 385; *Western R. Co. v. Lazarus*, 88 Ala., 453; *Clark v. Chicago, B. & Q. R. Co.*, 15 Fed. Rep., 588; *Davis v. Guarnieri*, 45 O. St., 471.)

Wright and others, in their petition in the case at bar, charged the railway company generally with negligence, and under these allegations we think that it was competent for them to introduce evidence of the fact, if it was a fact, that the engineer in charge of the train saw, or by the exercise of due care could have seen, the cattle in time to have stopped the train and avoided injuring them. The case is distinguishable from *Chicago, B. & Q. R. Co. v. Grablin*, 38 Neb., 90. In that case Grablin alleged and relied upon five distinct and specific acts of negligence on the part of the railroad company, and it was held that it was error for the trial court to admit in evidence any act or omission of the railway company claimed to be

negligence not within any of the specific acts of negligence pleaded. In other words, where a pleader relies upon certain specific acts or omissions as negligence, he is limited to such specific acts or omissions. If he pleads negligence generally, he may introduce evidence of any act or omission which tends to support his pleading. The first and second points of the syllabus of this case reported in 47 Neb., 886, are disapproved. We have reexamined the entire arguments of the railway company for a reversal of this judgment, but do not deem it necessary to review these arguments here, since we are of opinion that the record discloses no error of the trial court prejudicial to the railway company. The judgment of the district court is in all things

AFFIRMED.