CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY V. MURTY D. O'DONNELL, BY MARY O'DONNELL, HIS NEXT FRIEND.

FILED DECEMBER 21, 1904. No. 13,671.

1. Negligence: DEMURRER: EVIDENCE. A general allegation of negligence is good against a demurrer, and under such an allegation evidence of any fact which contributed to the injury sued for is competent and relevant. *Omaha & R. V. R. Co. v. Wright*, 49 Neb. 456.

2. **Petition:** AMENDMENT: CAUSE OF ACTION.   Original petition and amended petition examined and compared, and *held*, that the amended petition does not state a new or different cause of action from that set forth in the original petition.

ERROR to the district court for Lancaster county. LINCOLN FROST, JUDGE.   *Affirmed.*

*Billingsley & Greene, R. H. Hagelin, M. A. Low, W. F. Evans* and *Paul E. Walker,* for plaintiff in error.

*T. J. Doyle* and *George A. Adams, contra.*

LETTON, C.

This action was brought by Murty D. O'Donnell, by his next friend, Mary O'Donnell, against the Chicago, Rock Island & Pacific Railway Company, to recover damages for injuries alleged to have been inflicted upon him while passing along Vine street in the city of Lincoln on his way home from school.   For a statement of the case see *O'Donnell v. Chicago, R. I. & P. R. Co.,* 65 Neb. 612. After a judgment for the defendant error proceedings were prosecuted to this court, whereupon the cause was reversed and remanded to the district court.   After the cause was remanded the plaintiff filed an amended petition, to which the defendant answered.   Plaintiff filed a reply, the cause was again tried, judgment rendered for the plaintiff, a motion for a new trial filed and overruled, and the defendant now prosecutes error to this court.

There is only one ground of error relied upon and discussed in the briefs, and that is that the amended petition sets up a new and different cause of action from that alleged in the original petition, and that this new cause of action is barred by the statute of limitations. The essential parts of the first petition necessary to consider to determine this question are, that the defendant, on the 18th day of November, 1898, stopped a large freight train across Vine street between 18th and

19th streets, "and kept and wrongfully, carelessly and negligently held said train across said street, blockading all passageways along said street and the sidewalks along either side thereof, and for a long distance each way north and south therefrom, for an unusually long period of time, to wit, one-half hour and more, and that during all of the said time that said train of cars was so wrongfully, carelessly and negligently kept by the defendant across said street and obstructing the passage over and along the same and the sidewalks on either side thereof, and for a long distance each way north and south therefrom, there was no way for persons to go along said street or the sidewalks, or to in any way travel said street at said point, or across said railway track at said point, except to go between the cars composing said train. That the point or place where said railway track and said Vine street crossed each other at said time was in and near to a thickly settled part of the city of Lincoln, Nebraska, and there was at said time much travel over, upon and along said Vine street at said point and place, and the defendant at said time, and by so wrongfully, carelessly and negligently placing its said train of cars upon its said railway track, and across said Vine street for an unreasonable length of time, obstructed and prevented all travel along said Vine street at that time. That the plaintiff, Murty D. O'Donnell, was passing and traveling along said street on said day, and in the afternoon thereof, on his way home from school, and it became necessary for him to pass along said street at the point where said railway train was so wrongfully, carelessly and negligently by defendant kept across said street and obstructing the same, and in attempting to cross the said track, without any fault of his, and by and through the negligence of the defendant and its employees, he was violently and forcibly thrown from said train upon the ground and railway track and under the wheels of the car of the same, and the said train of cars and the wheels thereof passed upon and over the leg of the plaintiff, seriously lacerating, injuring and damaging the

same.  *  *  *  That by reason of said injury so re-
ceived by the plaintiff, Murty D. O'Donnell, and by and
through the negligence of the defendant and its employees,
the plaintiff, Murty D. O'Donnell, has become and is per-
manently and seriously injured in the loss of his limb,
and thereby made a cripple for life, that by reason of said
injury so wrongfully, carelessly and negligently caused
by the defendant, and because of said suffering and pain
so likewise caused by the defendant, the plaintiff Murty D.
O'Donnell, has been damaged," etc.

The allegations in the original and amended petitions,
so far as the original petition is copied above, are sub-
stantially alike, though the language of the pleader is not
exactly the same *verbatim et literatim,* and no question is
raised as to their identity of allegation thus far.

In the amended petition, however, the following addi-
tional paragraph is inserted.  "The plaintiff further avers
that, at the time the plaintiff, Murty D. O'Donnell, was
crossing said railroad track along said Vine street, which
was so obstructed by the defendant, as aforesaid, on ac-
count of said obstruction remaining on said street for
said unusual length of time, it became necessary for the
plaintiff to go upon said cars and to cross the same in so
doing; and while the plaintiff was thus upon said cars for
the purpose of crossing said track, the defendant, through
its engineer operating the engine which was hauling this
train of cars, discovered the said plaintiff, Murty D.
O'Donnell, and knew that he was a mere child of tender
years, and defendant fully realized the perilous condition
of said Murty D. O'Donnell, and the great peril and danger
to said plaintiff, both of life and limb, by moving said
train and continuing to move the same, while said plain-
tiff was in said perilous condition, through no fault or neg-
ligence upon the part of plaintiff, the defendant, notwith-
standing its full knowledge of said danger to the plaintiff,
and notwithstanding the fact that it had the power to in-
stantly stop said train of cars and avert any possible in-
jury to the plaintiff, continued to carelessly, negligently

and with wanton disregard for the safety of plaintiff to move said train of cars, thereby causing the injury, as hereinbefore described, to the plaintiff."

It is earnestly urged by the plaintiff in error that the allegations in the fourth paragraph of the amended petition thus set forth constitute a new and different cause of action from that contained in the original petition. It is argued that in the original petition there was no general allegation of negligence; that it was not based upon the negligence or improper conduct of the employees of the railway company, but rested entirely upon the allegation that the railway company obstructed a public street for an unwarranted length of time, compelling the plaintiff to pass between the cars, whereby he received the injuries for which he sought to recover, and that, if a new cause of action is stated, sufficient time has elapsed to bar a recovery. The plaintiff upon the other hand contends that the additional matter set forth in the amended petition is merely an amplification and more specific statement of the general allegations of negligence set forth in the original petition, and that under the pleadings in the original cause he was entitled to prove and did prove all the facts alleged in the amended petition.

The original petition sets forth in detail the blockading of the street by the train. It then alleges that "in attempting to cross the said track, without any fault of his, and *by and through the negligence of the defendant and its employees, he was violently and forcibly thrown from said train* upon the ground and railway track and under the wheels of the car," and further alleges "that by reason of said injury so received by the plaintiff, Murty D. O'Donnell, and *by and through* the *negligence* of the *defendant and its employees,* the plaintiff has become and is permanently and seriously injured," etc. Under these general allegations of the negligence of the defendant and its employees, any negligence upon the part of the employees of the defendant by reason of which the plaintiff was violently and forcibly thrown from the train could prop-

erly have been admitted in evidence. It is the settled doctrine of this court that a general allegation of negligence is good against a demurrer, and under such an allegation evidence of any fact which contributed to the injury sued for is competent and relevant. *Omaha & R. V. R. Co. v. Wright,* 49 Neb. 456; *Omaha & R. V. R. Co. v. Crow,* 54 Neb. 747. The most specific allegation of negligence in the *Wright* case was "that the said defendant, carelessly and negligently, by its employees and servants, in operating said train ran their said engine and train in, over, and upon said plaintiffs' stock, when by exercising proper care and skill in the management and handling of its engine and train it could have stopped said train long before striking said plaintiffs' stock." The court said: "Wright and others, in their petition in the case at bar, charged the railway company generally with negligence and under these allegations we think that it was competent for them to introduce evidence of the fact, if it was a fact, that the engineer in charge of the train saw, or by the exercise of due care could have seen, the cattle in time to have stopped the train and avoided injuring them. * * * In other words, where a pleader relies upon certain specific acts or omissions as negligence, he is limited to such specific acts or omissions. If he pleads negligence generally, he may introduce evidence of any act or omission which tends to support his pleading."

The gist of the fourth paragraph in the amended petition in this case is that the engineer, after he discovered the perilous condition of the plaintiff, continued to negligently move the train of cars, thereby causing the injury. In connection with this allegation it is important to note that in the opinion rendered upon the former hearing of the case in this court, which opinion was offered in evidence by the defendant, it is said:

"There was no conclusive presumption of negligence on the engineer's part, merely because he saw a boy of eight years jumping on the stirrup and ladder of a freight car going not more than three miles an hour, and jumping off

again, and failed to stop to remove him. Whether such failure to act on the engineer's part was negligence was for the jury to say. The acts complained of in this petition are the leaving of the train upon the crossing, and violently and forcibly throwing the plaintiff from the train, and passing of its wheels over plaintiff's leg, through 'negligence of the defendant and its employees.' *Whatever negligence was connected with these acts, and caused the injury through them,* was provable, and to be considered." And again: "Instruction 9, as given by the court, told the jury that a child jumping on and off a train would be a trespasser, and this fact, if they found it, should be considered, and would constitute contributory negligence on his part, if they found he was of sufficient age and discretion to be guilty of negligence. It is also stated that if defendant should discover the child in imminent danger, and failed to exercise reasonable care, where such care would have prevented the injury, the child's action would be no defense. The court's instruction submitted the question fully."

It was held therefore that one of the facts which was proper to be proved under the general allegation of negligence in the original petition was that the engineer discovered the plaintiff upon the train and negligently continued to move the same after such discovery, thereby causing, as claimed, the injury of the plaintiff, and that evidence tending to show negligence of this character was properly introduced at the former trial. This is the law of the case and must be applied here.

The plaintiff might have been required by motion at the first trial to have made his petition more definite and certain, and might properly have included therein the specific facts now alleged in the fourth paragraph of the amended petition. He was not required to do so, but did so on his own volition upon the second trial. Such allegations were merely an amplification and expansion of the facts set forth in the first petition, and constitute no change of the cause of action and no new or different

claim. The general allegation of negligence in the form made in the first petition is wide enough to include them. We think it unnecessary to cite any further authority in this matter. The rules which govern the determination of this case are plain and positive. We think it clear that the amended petition is only a more expanded statement of the original one.

We recommend therefore that the judgment of the district court be affirmed.

OLDHAM and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.