NEBRASKA BOTTLED GAS & APPLIANCE COMPANY, A CORPORATION, APPELLANT, v. AETNA CASUALTY AND SURETY COMPANY, A CORPORATION, APPELLEE.
112 N. W. 2d 740

Filed January 12, 1962. No. 35018.

*Spear, Lamme & Simmons,* for appellant.

*Crossman, Barton & Norris,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

This is an action by Nebraska Bottled Gas & Appliance Company, a corporation, plaintiff and appellant, against the Aetna Casualty and Surety Company, a corporation, defendant and appellee, to recover under a policy of insurance, issued by the defendant to plaintiff, for damage to a truck belonging to the plaintiff which was brought about by reason of the fact that the truck was overturned while in use by the plaintiff. The action was for the total amount of the damage which the plaintiff claimed was $1,248.35, less $100, or $1,148.35. The case was tried to a jury and a verdict was returned in favor of plaintiff for $355.88. From this verdict and the judgment rendered thereon the plaintiff has appealed.

In substance the plaintiff contends that the judgment is insufficient. It seeks a reversal on the ground that the court failed to instruct the jury on the appropriate theory of damages and of the measure of damages.

On January 21, 1959, a truck owned by plaintiff and

used by it to transport propane gas in bottles and tanks to rural and industrial customers in an area extending out from Fremont, Nebraska, was overturned and damaged. On this account repairs were required. By the policy of insurance which has been mentioned the defendant was required to respond in damages for the necessary costs of repair, except $100, in case the truck was damaged by accident while in use. As to this there is no dispute. In truth the defendant admits this obligation.

The plaintiff, on the trial, made proof of damages to the truck which was sufficient prima facie to support the amount of the claim, less $18.60, an item of which there is no proof, or $1,229.75. The evidence was in conformity with the appropriate legal measure for proof of damages in such circumstances. As to this there is no dispute.

In defense of the action the defendant proceeded upon the same theory as the plaintiff and adduced evidence that the total damage was $455.88 and admitted liability after deduction of $100 for $355.88. On the basis of this conflicting evidence and the instructions of the court the verdict of $355.88 was returned.

There are four assignments of error, however the total substance of them is that it was the duty of the court in the instructions to fully and properly inform the jury as to the measure of recovery to which the plaintiff was entitled in case a right of recovery had been established by the evidence, whereas in these respects there was a failure.

With particularity the failure complained of was that the instructions did not permit evaluation of the damage on the basis of evidence, and the rendition of a verdict accordingly, unless the jury found that all of the repairs made were necessary and the total charges therefor were reasonable.

The defendant does not contend that the court was not under the duty to instruct in the manner suggested

by the plaintiff. Its response is twofold. The first is that the court did fully instruct. The second is that if there was a deficiency it was one of which the plaintiff could not properly complain since it fell within the rule barring complaint in the absence of request for more specific instruction. This rule is more explicitly considered later herein.

It is pointed out here that the defendant does not contend that under proper legal principles the plaintiff was not entitled, on sufficient proof, to recover whatever damage was sustained less $100 whether that be $1,148.35 or some lesser amount.

The portion of the instructions which the plaintiff contends manifests this failure is found in instruction No. 1 as follows:

"The burden of proof is upon the plaintiff to prove, by a preponderance of the evidence, the following propositions:

I.

"That the repairs made to the truck and paid for by plaintiff were necessary to place the truck back in substantially the same condition it was immediately prior to the accident.

II.

"That the charges made for such necessary repairs were fair and reasonable.

III.

"The amount thereof."

It is clear from an examination of the instruction as a whole that this language has reference to the total amount of $1,229.75, without any direction to the jury the effect of which was to say directly or by inference that if a lesser amount was proved the verdict should be rendered accordingly.

To say the least this language in the instructions is capable of the meaning which the plaintiff insists that it conveys, and it may not well be said that the jury could not and did not so interpret and apply it.

The theory of the defendant is that the situation here is controlled by the rule that where an instruction correctly states the law it is not error for the court, in the absence of request for a more specific instruction, to fail to give a more elaborate one. The rule contended for is stated in Stewart v. Smith, 50 Neb. 631, 70 N. W. 235, as follows: "If further and more specific instructions are desired on a point covered by the charge given, they must be prepared and presented on behalf of the party in whose interest it is contended they were necessary." See, also, Osborne v. State, 115 Neb. 65, 211 N. W. 179; Berggren v. Hannan, O'Dell & Van Brunt, 116 Neb. 18, 215 N. W. 556.

This rule however has no application where there has been a failure to instruct at all or to instruct properly on an issue in the case. One controlling rule is the following: "Where an instruction is so worded as necessarily to leave the jury to uncertain conjecture as to the meaning, and therefore liable to lead the jury astray in their consideration of the case, it is good ground for new trial." Hickman-Williams Agency v. Haney, 152 Neb. 219, 40 N. W. 2d 813. See, also, Patras v. Waldbaum, 170 Neb. 20, 101 N. W. 2d 465.

Another rule which is of broad and general application is the following: "It is reversible error for the trial court to fail to instruct the jury respecting the law that is applicable to the material issues that are raised by the pleadings and are supported by the evidence." Hickman-Williams Agency v. Haney, *supra.* See, also, Shiers v. Cowgill, 157 Neb. 265, 59 N. W. 2d 407; Cover v. Platte Valley Public Power & Irr. Dist., 162 Neb. 146, 75 N. W. 2d 661; Bodtke v. Bratten, 166 Neb. 36, 88 N. W. 2d 159.

This rule has application, as well as to other issues, to the measure of damages and the manner of arriving at the amount.

In Borcherding v. Eklund, 156 Neb. 196, 55 N. W. 2d 643, in discussing the rules relative to sufficiency of in-

struction as to damages and measure of damages, the court said: "A jury should be fully and fairly informed as to the various items of damages which it should take into consideration in arriving at its verdict. In this respect it is the duty of the trial court to instruct as to the proper basis upon which damages are to be assessed for each such item." See, also, Riley v. National Auto Ins. Co., 162 Neb. 658, 77 N. W. 2d 241, 57 A. L. R. 2d 1219; Wylie v. Czapla, 168 Neb. 646, 97 N. W. 2d 255.

In the light of these rules it must be said that the court failed to instruct the jury in such manner as to inform it of what was required of it in ascertaining the true measure and amount of damage, if any, in excess of $355.88, plaintiff was entitled to receive.

Accordingly the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.