E. WILLIAM SALL ET AL., APPELLEES, V. EDWARD
SCHNACKENBERG, APPELLANT.

134 N. W. 2d 808

Filed April 30, 1965. No. 35897.

William S. Padley, for appellant.

Smith Brothers, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

McCOWN, J.

The plaintiffs brought this action to recover the balance due for hay purchased by the defendant at a public auction. From a verdict in favor of the plaintiffs the defendant has appealed.

The plaintiffs employed auctioneers and sold prairie hay at public auction on December 3, 1956. The defendant was the highest bidder and it was sold to him for $21.50 per ton. There were over 2,000 bales of hay, and the defendant removed a substantial portion of it during the period following the sale and up to April 26, 1957, and paid for most of the hay he removed. Thereafter, the defendant refused to take or pay for the hay remaining. Evidence on the other principal issues was almost completely contradictory. The defendant's evidence was that the auction was a sale by sample, and that the hay he refused was inferior and did not correspond with the sample. The plaintiffs' evidence was that the auction was not a sale by sample; that purchasers were invited to inspect it, and had the opportunity to do so; and that the quality and condition of all of the hay was good. There was even a conflict in the evidence as to the average weight of the bales.

In testing the sufficiency of evidence to support a verdict, it must be considered in the light most favorable to the successful party, that is, every controverted fact must be resolved in his favor, and he should have the benefit of every inference that can reasonably be

deduced therefrom. Borcherding v. Eklund, 156 Neb. 196, 55 N. W. 2d 643.

The defendant complains of the giving of a portion of an instruction that: "Representations which merely express a seller's opinion, belief, judgment, or estimate, do not constitute a 'warranty', and consequently, dealer's talk, puffing, or praise of goods do not amount to a warranty." There is no contention that the law as expressed in the instruction was incorrect. It is apparently the defendant's position that the statements made at the sale conclusively established a sale by sample and nothing else, and that the instruction was, therefore, inappropriate. The evidence, however, was in conflict as to what was said, as well as to its interpretation, and the inferences which might be drawn from it. The instruction was, therefore, not in error. See Middleton v. Nichols, *ante* p. 282, 132 N. W. 2d 882.

Where the evidence is contradictory, it is for the jury to decide and its verdict will not be interfered with unless clearly wrong. The credibility of witnesses and the weight to be given their testimony are for the jury's determination, and not for the court. Klein v. Wilson, 167 Neb. 779, 94 N. W. 2d 672.

The judgment of the district court was correct and is affirmed.

AFFIRMED.