MARGIE BUNSELMEYER, APPELLANT, v. IVAN L. HILL, APPELLEE.

137 N. W. 2d 354

Filed October 8, 1965. No. 35944.

Schrempp, Lathrop, Rosenthal, Albracht & Bruckner, for appellant.

Kennedy, Holland, DeLacy & Svoboda and David A. Svoboda, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

BROWER, J.

Plaintiff and appellant Margie Bunselmeyer brought this action to recover damages for personal injuries sustained in a collision between a passenger car driven by her and a pickup truck owned and operated by the defendant and appellee Ivan L. Hill.

A trial to a jury in the district court for Douglas County resulted in a verdict and judgment for the defendant. From an order overruling a motion for a new trial the plaintiff appeals.

The accident involved herein occurred on Lake Street between Thirty-seventh and Thirty-eighth Streets in Omaha, Nebraska, about 10 o'clock on the morning of January 18, 1963. Both vehicles had entered Lake Street

at its intersection with Fortieth Street and proceeded eastward thereon toward its intersection with Thirty-eighth Street, and Thirty-seventh Street still further east. Defendant's pickup was ahead of the plaintiff's automobile. In this vicinity Lake Street is 30 feet in width, paved with brick, and approximately level although west of Thirty-eighth Street it slopes down to the east. There is testimony that, on the day of the collision, the surface of the street was icy and slippery. Defendant by profession was a mason, residing at Plattsmouth, Nebraska, and was en route to the place of business of the Natural Stone Center, at 3730 Lake Street, to procure stone to finish certain work in which he was engaged. The Stone Center is located on the north side of Lake Street between Thirty-seventh and Thirty-eighth Streets about the middle of a block which is longer than the usual one. On the corner east of Thirty-eighth Street there is an open area used for parking trailers on the north side of Lake Street. This extends 64 feet east from the corner. Immediately east of the parking lot is a wall containing several types of stone, extending eastward parallel with Lake Street and 12 feet from its curb. It is 118 feet long and at its east end there is a driveway into the premises of the Stone Center with a small office building immediately to its east. The office is 274 feet west of Thirty-seventh Street.

The collision occurred when the defendant was attempting to execute a left-hand turn into the driveway west of the office building of the Stone Center. The testimony with respect to the actions of the defendant driver in preparing to turn and turning the pickup, and its course and position prior to and after the collision, is not in harmony. Likewise, the evidence in respect to the plaintiff's driving and the course of her car is in conflict.

There is testimony favorable to the plaintiff which, if given credence, tends to show the defendant failed to properly observe the car behind him and failed to give a

turn signal or cause it to be given on the pickup. Also, it may be inferred that defendant's attention was diverted by his seeking the place of entrance to the Stone Center where he had been but once. There is evidence that the defendant turned his pickup from its right-hand lane instead of directing it toward the center lane before turning. Further, there is evidence that he drove his vehicle suddenly into the path of the plaintiff's automobile while plaintiff's vehicle was engaged in passing on its left. Plaintiff, because of this sudden action, was unable to get her car back on her right-hand side of the road, or to pass on the left, or put on her brakes. She testified she tried to stop her car but it was too late.

On the other hand, there is testimony now related which, if believed, favors defendant. The pickup was proceeding at 10 or 15 miles an hour. Parked trailers obstructed defendant's view until the truck got near the west end of the wall. There he signaled for a left-hand turn with the electric signal and put his truck in second gear. Plaintiff stated she had followed behind for quite a ways. She said she noticed he was from out of town and thought "he didn't know where he was going, or something or other," nor "why he was traveling that slow," and decided to pass. There is evidence that when her car was two car-lengths behind the truck after so observing its movements, she pulled her vehicle to the north and left to see around the truck until the front of her car was about "equal" to the rear of the truck, and attempted to pass at a speed of 20 or 30 miles an hour on an icy road. The impact was near the center of the front of the car and on the left rear end and corner of the truck. After the collision plaintiff's car straddled the center of Lake Street and the defendant's truck had swung around in a semicircle and had come to rest on the north side of Lake Street parallel with and close to its curb, facing west. This might indicate the truck was struck with considerable force.

The trial court submitted to the jury the question of the negligence of the defendant and the contributory negligence of the plaintiff under the usual comparative negligence rule.

Plaintiff contends the trial court erred in submitting the issue of plaintiff's contributory negligence for the jury's consideration. Her contentions in this respect are three-pronged. She first urges that it should not have been submitted at all because no specification of any particular acts of plaintiff's negligence was pleaded in defendant's answer. The pertinent allegations in the answer were: "Further answering, defendant alleges that the said vehicular collision resulted from the negligence and contributory negligence of the plaintiff, the latter being more than slight as compared with any negligence on the part of the defendant, if any there was, but, in this connnection defendant alleges that he was free from negligence in the premises." It is to be noted that no motion was made by plaintiff to require the defendant's answer to be made more specific, definite, or certain as to the allegations of negligence. Plaintiff did not attack this pleading in any manner with respect thereto. This court has held: "A general allegation of negligence is good against a demurrer, and under such an allegation evidence of any fact which contributed to the injury sued for is competent and relevant." Chicago, R. I. & P. Ry. Co. v. O'Donnell, 72 Neb. 900, 101 N. W. 1009. See, also, Omaha & R. V. Ry. Co. v. Wright, 49 Neb. 456, 68 N. W. 618; Omaha & R. V. Ry. Co. v. Crow, 54 Neb. 747, 74 N. W. 1066, 69 Am. S. R. 741. In Behrens v. Gottula, 160 Neb. 103, 69 N. W. 2d 384, it was held: "* * * where no motion for a more specific statement is filed, it is competent under the general allegation of negligence to offer evidence of any fact which contributed to the injury." This portion of the assigned error has no merit.

The second objection with respect to the trial court's instruction concerning contributory negligence relates to

the manner of its submission. Plaintiff claims the court erred in submitting the issue of contributory negligence in a general manner without limiting same to specific specifications of plaintiff's negligence and contributory negligence, thus leaving the case open to a jury finding of any act of negligence that the jury might conjecture as being negligence of plaintiff. In this respect the plaintiff objects to instructions No. 3 and No. 6. After setting out the substance of the plaintiff's petition in instruction No. 2, the court in instruction No. 3 stated the general contents of the defendant's answer by setting forth the matter in plaintiff's petition admitted by the defendant, the denials contained therein, and reciting the general language with respect to the plea of contributory negligence in substantially the same manner as heretofore related.

Instructions No. 2 and No. 3 were not to be considered by the jury as evidence but only set forth each party's contentions. This is made plain by instruction No. 4 immediately following which stated: "No. 4. The contents of the pleadings of the parties are merely their statements and contentions made in this lawsuit and are not to be considered by the jury as evidence in this case."

Instruction No. 6 explained the rules with respect to the defense of contributory negligence and that the burden to prove the same by a preponderance of evidence was on the defendant. It gave instruction with respect to the jury's duty to find for defendant if it should find by such preponderance of evidence that contributory negligence existed and was the sole proximate cause of the injury. If it found such negligence existed and was a contributing cause only, it was to compare the negligence of the parties in accordance with a subsequent instruction No. 18. No error as to the contents of this instruction is pointed out. It appears to be a standard instruction and does not purport to state the grounds of negligence of the plaintiff as shown by the evidence.

Plaintiff overlooks instructions Nos. 11, 12, and 13, in which the court set forth the rules of the road deemed by it applicable to the circumstances disclosed by the evidence. These explain the duties of the drivers of motor vehicles with respect to keeping a lookout, reasonable control of the respective vehicles, the following of one car by another, stopping, decreasing speed, appropriate signaling on turning, and many other rules, all of which are unnecessary to be discussed here because plaintiff neither contends the rules were not correctly stated therein, nor that some are included that should not have been, nor that others were improperly omitted. Obviously all of these instructions are to be construed together. Nowhere is it claimed the law contained in any of them was improperly stated. The plaintiff has picked out instructions Nos. 3 and 6 as though they were the only ones touching upon the issue of contributory negligence. "Instructions given to a jury must be construed together and if, when considered as a whole, they properly state the law that is sufficient." Carter v. Chicago, B. & Q. R. R. Co., 175 Neb. 188, 121 N. W. 2d 44. When the instructions are considered together the plaintiff's contention cannot be sustained.

The plaintiff's third claim of error in respect to the submission of contributory negligence appears to be that there was no evidence sufficient to sustain the issue. The testimony disclosed in the record has been previously outlined. We have pointed out that which seems to sustain the defendant's contention. We think it is sufficient if given credence by the jury to show negligence on the part of the plaintiff. It might conclude therefrom that in driving her car back of the truck, plaintiff should have seen the signal given; that she did not maintain a proper lookout; or when following too closely she attempted to pass at an unreasonable rate of speed considering the icy street; and that she did not have proper control of her automobile at the time she attempted to pass the truck. Inferences might also arise

from the damage to the front of the plaintiff's automobile and its location, as well as that of the truck, after the accident. The fact that the investigating officer who testified reported it was a rear-end collision has some significance. "Where the evidence is contradictory, it is for the jury to decide and its verdict will not be interfered with unless clearly wrong. The credibility of witnesses and the weight to be given their testimony are for the jury's determination and not for the court." Sall v. Schnackenberg, 178 Neb. 699, 134 N. W. 2d 808. See, also, Klein v. Wilson, 167 Neb. 779, 94 N. W. 2d 672. Can it be said there was no evidence of contributory negligence to submit that issue? We think not.

Plaintiff's last assignment of error relates to the trial court's sustaining objections to certain questions asked on cross-examination of the defendant with respect to matters the plaintiff contends were testified to by the defendant on direct examination. The questions propounded, the objections thereto, and the ruling of the trial court will now be quoted:

"Q. (By Mr. Schrempp) Had you stopped anywhere at all before the accident happened to inquire as to where the location was of the place that you were looking for?

"MR. SVOBODA: Objected to as outside the scope of the direct examination; immaterial, irrelevant, incompetent.

"THE COURT: Sustained.

"MR. SCHREMPP: Well, Your Honor, Mr. Svoboda covered the witness's activities in searching for this place. I would ask leave to ask if he made some inquiry some place, and if so, where it was. I think it is within the scope of the direct.

"THE COURT: Objection sustained.

"Q. (By Mr. Schrempp) Had you stopped in any place to inquire—had you stopped in any place before the accident that served any intoxicating beverage?

"MR. SVOBODA: Objection, outside the scope of

direct; immaterial, irrelevant, incompetent.

"THE COURT: Sustained."

The defendant had testified he had come to Omaha to get a stonecutter. He went to the Sunderland Stone Company for that purpose and did not get one. He testified the next place he was going was to the Stone Center for the same purpose.

No issue had been raised nor testimony given concerning the defendant's intoxication or his drinking. The cross-examination would seem an attempt to raise this question by indirect insinuation. Defendant was not asked if he had been drinking but whether or not he had stopped at a place that served liquors. The matters of substance material and relevant to the issues of the case concern the conduct of the drivers of the automobile and truck between Fortieth Street and the business place of the Stone Center. What happened before could not be very material to the issues. Plaintiff claims she should have been permitted to ask these questions to test defendant's memory and credibility. His actions before reaching the Stone Center, it is true, had been testified to briefly. Plaintiff insists therefore she should be permitted to cross-examine with respect to them. Plaintiff relies on a quotation from Zimmerman v. Lindblad, 154 Neb. 453, 48 N. W. 2d 415. This case, while it states the general rule that a party has no right to cross-examine a witness except as to facts and circumstances testified about on direct examination, contains language that there might be certain exceptions to the rule permitting a witness to be cross-examined to test his accuracy, veracity, or credibility. An examination of that case clearly shows that the cross-examination sought to be elicited covered subjects at issue and sought to refute inferences which arose from examination-in-chief. The cross-examination had been permitted and the case was affirmed by this court.

In Griffith v. State, 157 Neb. 448, 59 N. W. 2d 701, this court held: "The trial court in this instance strictly ob-

served and properly applied the rule of practice that a party should not be permitted to cross-examine a witness as to a matter foreign to the scope of his direct examination. If he desires to inquire of him as to other matters he must make the witness his own, calling him in the subsequent progress of the case. The rule of strict cross-examination has been adopted and is in force in this state. The ruling of the trial court in regard to the scope of cross-examination will be sustained unless it is an abuse of discretion."

In Goemann v. State, 100 Neb. 772, 161 N. W. 421, this court stated: "The scope of the cross-examination of a witness rests largely in the trial court, and its ruling will be upheld, unless an abuse of discretion is shown."

In the case of Manley State Bank v. Spangler, 130 Neb. 196, 264 N. W. 459, this court in its syllabus stated: " 'Under section 20-853, Comp. St. 1929 (now § 25-853, R. R. S. 1943), violation of the strict rule of cross-examination will not be considered ground for reversal unless it clearly results in prejudice to the substantial rights of the party complaining.' Brooks v. Thayer County, 126 Neb. 610, 254 N. W. 413."

Regardless of testimony-in-chief concerning defendant's movements previous to his entering Lake Street, can it be said that the exclusion on cross-examination of the questions elicited from the defendant as to where he had stopped, or whether he had made inquiry as to how to go to the Stone Center, clearly resulted in prejudice to the plaintiff? We think not.

None of the alleged errors complained of can be sustained, and the judgment of the trial court and its order overruling the motion for new trial should be and are affirmed.

AFFIRMED.