HOLIDAY MOBIL HOMES RESORTS, INC., A CORPORATION, APPELLANT AND CROSS-APPELLEE, V. JOHN FROSH ET AL., APPELLEES AND CROSS-APPELLANTS.

141 N. W. 2d 751

Filed April 15, 1966. No. 36145.

Bosley & Bosley, for appellant.

Daniel E. Owens and Russell, Colfer & Frazier, for appellees.

Clarence A. H. Meyer, Attorney General, Bernard L. Packett, Maupin, Dent, Kay & Satterfield, McGinley, Lane, Mueller & Shanahan, Bern R. Coulter, and Davis, Thone, Bailey, Polsky & Hansen, for amici curiae.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and KUNS, District Judge.

McCOWN, J.

This is a proceeding under section 72-240.06, R. S. Supp., 1963, to determine the value of the improvements upon a tract held under a school land lease. The plaintiff, Holiday Mobil Homes Resorts, Inc., a corporation, is the former lessee. John Frosh and Elmo J. Frosh, the defendants, are the new lessees.

Two of the appraisers fixed the value of the improvements at $17,350. The third appraiser valued the improvements at $10,090.57. These appraisals, however, did include certain personal property not involved here. The defendants appealed to the district court where the jury returned a verdict for $5,710. The plaintiff's motion for new trial was overruled and it has appealed.

The assignments of error relate to the sufficiency of the evidence to sustain the judgment.

The particular improvements involved are 249 acres of growing wheat; plowing for future crops; an irrigation well; land leveling; well, windmill, and pens; and fences. The defendants' lease commenced January 1, 1964, and the improvements are to be valued as of that date.

The sole issue involved is the valuation of the improvements. Briefs amici curiae were filed in this court by parties who are not parties to this action. Those briefs raise issues having to do with approval of improvements by the Board of Educational Lands and Funds, under the terms of school land leases and applicable statutes. Those issues are not properly before the

court, and are not in any way determined here.

The evidence is in conflict as to the value and the condition of the improvements. Mr. Dewey Traves, the sole operator and manager of the plaintiff, testified that the improvements had a value of $11,119.40. Mr. John Frosh, one of the defendants, testified that the value of the improvements was $4,400. Other witnesses testified to the value of particular items, the conditions of the growing crops or other improvements, or as to operations performed on the land, and the character of the soil. The valuation of the growing wheat and of the farm fences involves the major differences in the testimony. Mr. Traves valued the growing wheat at $7,470, and the farm fences at $1,300. Mr. Frosh valued the growing wheat at $2,962.50, and the farm fences at $400. The other improvements involved account for the remaining differences in valuation.

The plaintiff contends that the verdict of the jury is clearly against the weight and reasonableness of the evidence, and is so grossly inadequate that it was founded on prejudice, passion, mistake, or other means not apparent in the record. From a thorough examination of the record, we conclude that this contention cannot be sustained. The verdict is within the range of the testimony. The verdict of the jury should not be set aside unless it is clearly wrong. Sall v. Schnackenberg, 178 Neb. 699, 134 N. W. 2d 808.

The trial court taxed the costs of the action in the district court to the defendants. By cross-appeal, the defendants contend that this was erroneous, and that the costs should have been taxed to the plaintiff. This issue has been determined in the case of Bauerle v. Frosh, *ante* p. 170, 141 N. W. 2d 748. While the Legislature may not have considered the differences between a condemner and a new lessee of school lands, its language is specific and controlling. In this case, the defendants filed a notice of appeal to the district court from the

appraisement and the costs in the district court were properly taxed to the defendants.

The judgment of the district court is affirmed with costs in this court taxed to the plaintiff.

AFFIRMED.