EVELYN IRENE YOUNKER, ADMINISTRATRIX OF THE ESTATE
OF THEODORE YOUNKER, DECEASED, APPELLEE AND CROSS-
APPELLANT, V. PETER KIEWIT SONS COMPANY, A CORPORA-
TION, ET AL., APPELLEES AND CROSS-APPELLEES, IMPLEADED
WITH DONALD E. LEISTRA, APPELLANT AND CROSS-APPELLEE.
146 N. W. 2d 202

Filed November 11, 1966. No. 36258.

Story, Carl & Parker, for appellant.

Francis M. Casey, for appellee Younker.

Cassem, Tierney, Adams & Henatsch, for appellee
Peter Kiewit Sons Co.

Gross, Welch, Vinardi, Kauffman & Schatz, for ap-
pellee McClain.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, BROWER,
SMITH, and McCOWN, JJ., and NEWTON, District Judge.

WHITE, C. J.

This is an action for wrongful death arising from an
automobile accident occurring on U. S. Highway No.
73-75 south of Omaha, Nebraska, on September 20,
1963, about 4:40 p.m.

Plaintiff's decedent, Theodore Younker, was riding as
a guest passenger in an automobile operated by the de-
fendant-appellant, Donald E. Leistra, in a westerly direc-

tion across U. S. Highway No. 73-75, when the Leistra automobile and an automobile operated in a southerly direction by the defendant McClain were involved in a right-angle collision at an intersection. The defendant Peter Kiewit Sons Company was engaged in constructing an overpass across the highway and as a part of this work had erected barricades and other structures in the immediate vicinity of the intersection where the accident occurred.

Plaintiff's amended petition sets out specific acts of negligence of the defendants McClain and Kiewit, and also charges defendant Leistra with gross negligence in several specifications. The petition also alleges that the accident was the proximate result of the joint, several, and continuing negligence of all of the defendants. By separate answers, each defendant entered a general denial and alleged that the proximate cause of the accident was the negligence of the other defendants. The case was submitted to a jury, which returned a verdict for the plaintiff against the defendant Leistra and in favor of the other two defendants. Defendant Leistra appeals.

The first contention of the defendant Leistra is that the trial court failed to instruct as to the guest statute, section 39-740, R. R. S. 1943. It was admitted by the pleadings and undisputed in the evidence that the plaintiff's decedent was riding as a guest passenger in the Leistra automobile. The statute provides, in substance, that the operator of a motor vehicle shall not be liable to a guest unless such damage is caused by the gross negligence of the owner or operator of such motor vehicle. See § 39-740, R. R. S. 1943. While the court did not, in any special instruction, set out the precise terms of the statute, it did, in instructions No. 1 and No. 3 fully advise the jury that the plaintiff alleged gross negligence as to the defendant Leistra; and that the plaintiff could not recover unless it was proved by a preponderance of the evidence that the defendant Leistra was negligent and that such negligence was gross in character. In a

subsequent instruction the court properly defined gross negligence, to which no objection is made. The court, therefore, instructed as to the essential requirements of the statute and the law, and the defendant Leistra's liability was limited as the law requires. Under these circumstances, we see no need for the court to give an additional repetitive instruction setting out the terms of the statute. Furthermore, defendant Leistra requested no instruction in this respect. Where instructions correctly state the law, it is not error for the court, in the absence of a request for a more specific instruction, to fail to give a more elaborate one. Nebraska Bottled Gas & App. Co. v. Aetna Cas. & Sur. Co., 173 Neb. 146, 112 N. W. 2d 740. There is no merit to this contention.

Defendant Leistra complains that in instruction No. 1 the court failed, in setting out these issues, to advise the jury that the defendant had pleaded in his answer that the accident was caused "for and by reason of the acts of negligence on the part of the other defendants." The court did advise the jury that the defendant Leistra denied any gross negligence on his part, which constituted a general denial. The defendant Leistra further contends that the jury should have been instructed that the defendant admitted the accident was caused by the negligence of the other defendants. Defendant Leistra cites as sole authority for this position the holding in Wright v. Lincoln City Lines, Inc., 160 Neb. 714, 71 N. W. 2d 182.

In the Wright case the plaintiff had sued two joint tort feasors, alleging specified acts of negligence against each. The defendant bus company denied negligence on its part and admitted that the negligent acts of the other driver, Miller, as specified in the petition, were the proximate cause of the accident and the injuries to the plaintiff resulting therefrom. Subsequently, and prior to trial, the action was dismissed as to the other driver, Miller, and the case proceeded to trial against the bus company and its operator only. The court held

that it was prejudicial error to refuse a requested instruction to the effect that the specified acts of negligence of Miller in the plaintiff's petition were admitted. It held that, in the light of the admission, the defendants were not required to make further proof of the negligence of Miller, the other driver. We point out, that in the present case, all three defendants remained in the case, each denying ngligence, and it was necessary for the trial court to submit to the jury the controverted allegations of negligence as to each party defendant. The court properly instructed as to the burden of proof in instruction No. 2, No. 3, and No. 4, as to all defendants, and gave a proper instruction on liability arising from concurrent negligence to which no objection has been made. Since each defendant denied negligence, the issues were clearly and properly submitted to the jury. We point out further that defendant Leistra by his answer did not admit the specific allegations of the petition alleged against the other defendants. He simply alleges "by reason of the acts of negligence on the part of the other defendants." This is not an admission of specific acts of negligence within the scope of the Wright case.

It is the duty of the trial court to properly instruct, on its own motion, on the issues raised by the pleadings and the evidence. We hold in this case, with issues raised as to negligence in the pleadings and evidence as to all three defendants, that the trial court properly instructed the jury.

As to defendant Leistra's contention that the court, in stating the issues, did not advise the jury that he had pleaded that the accident was due to the negligence of the other defendants, we see no prejudice in this respect. He was entitled to prove such negligence of other parties under his general denial as to gross negligence. Again, there could be no prejudice because the court properly instructed in later instructions as to the burden of proof as to each defendant and the elements thereof.

Instructions must be considered as a whole, and if, when construed together they properly state the law, they are sufficient and error cannot be predicated thereon. O'Brien v. Anderson, 177 Neb. 635, 130 N. W. 2d 560; Bunselmeyer v. Hill, 179 Neb. 140, 137 N. W. 2d 354.

In the light of our conclusions herein, it becomes unnecessary to consider the cross-appeal filed herein by plaintiff. The judgment of the district court is correct and is affirmed.

AFFIRMED.