LAURETTA DITTRICK, APPELLEE, v. CLEO E. DEUEL, APPELLANT.

149 N. W. 2d 57

Filed March 3, 1967. No. 36401.

Jewell & Otte, for appellant.

Deutsch & Hagen, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ., and WEAVER, District Judge.

WEAVER, District Judge.

Lauretta Dittrick, as plaintiff, commenced this action against Cleo E. Deuel, as defendant, to recover for injuries to herself, repairs for the family car, and medical and hospital services for herself and minor daughter who was a passenger in the car driven by plaintiff. Plaintiff's husband executed the necessary assignments to facilitate recovery. The issues were joined by the filing of defendant's answer and cross-petition and the filing of plaintiff's reply and answer. The jury returned a verdict for plaintiff. Defendant filed a motion for judgment notwithstanding the verdict and in the alternative for a new trial, the same was overruled, and the defendant has appealed.

The accident happened at about 2 p.m. on August 27, 1963, on a well-maintained graveled country road, running north and south, and described as a cut-off between Battle Creek and Pierce, Nebraska. It was a sunny, dry day and as plaintiff drove her 1959 Ford sedan north it was in collision with a farm tractor driven by defendant Deuel, which came onto the road from a farm driveway on the west side of the road. The road was level for some distance north and south of the driveway but the driveway was considerably obscured by trees and brush. There was a deep ditch and weeds on the east side of the road and some evidence of gravel ridges on each side of the road leaving approximately 18 feet of driveable roadway.

Plaintiff testified that she was driving on her own side of the road at between 40 and 45 miles an hour when the tractor came out of the driveway. Defendant did not see plaintiff's car until he heard the horn blow. At that time he was still in the driveway and estimated plaintiff's speed at "probably" 60 miles an hour. Neither the car nor tractor was able to stop in

time to avoid a collision. Defendant offered evidence to indicate plaintiff's car was as much as 2 feet over on the west side of the road at the time of impact, and that his tractor was on its own west side of the road at time of impact.

Defendant's first assignment of error goes to the fact that the trial court refused to direct a verdict for defendant or dismiss plaintiff's petition based on the holding in Hilferty v. Mickels, 171 Neb. 246, 106 N. W. 2d 40. While the Hilferty case is similar in many respects, the crucial point is that in the Hilferty case it was *undisputed* that the plaintiff was on the wrong side of the road. This court properly found that he was not entitled to recover. In the instant case plaintiff's testimony was that she was on her own side of the road. This question then was for the jury to consider. The assignment of error is without merit.

Plaintiff and defendant charged each other with failure of lookout, failure of control, and failure to drive on the right side of the road. The terminology used by the parties was different and the trial court paraphrased all of the allegations of negligence made by each party and put them in more uniform language. This the court had a right to do. When considered together as an entire charge they properly submitted the issues to the jury. "Instructions should be considered together in order that they may be properly understood, and when, as an entire charge, they properly submit the issue to the jury, the verdict will not be set aside." Beavers v. Christensen, 176 Neb. 162, 125 N. W. 2d 551. Instructions must be considered as a whole, and if when construed together they properly state the law, they are sufficient and error cannot be predicated thereon. O'Brien v. Anderson, 177 Neb. 635, 130 N. W. 2d 560; Brunselmeyer v. Hill, 179 Neb. 140, 137 N. W. 2d 354; Younker v. Peter Kiewit Sons Co., 180 Neb. 835, 146 N. W. 2d 202.

Complaint is made that the court failed to properly instruct on the question of right-of-way. The court in

its instructions set forth the following sections of the statutes:

"The driver of a motor vehicle shall drive the same upon the right half of the highway.

"Drivers of vehicles proceeding in opposite directions shall pass each other to the right, each giving to the other at least one half of the main traveled portion of the roadway as nearly as possible. * * *

"The driver of a vehicle entering a public highway from a private road or drive shall yield the right of way to all vehicles approaching on such public highway. * * *

"No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing."

"An instruction reciting the provisions of statutes regulating and controlling the speed of motor vehicles should include therein all the material applicable *statutory* limitations and qualifications to enable a jury to observe and understand the duty of drivers at the time and place in question." Stillwell v. Schmoker, 175 Neb. 595, 122 N. W. 2d 538. See, also, Harding v. Hoffman, 158 Neb. 86, 62 N. W. 2d 333. Defendant cites no other applicable statutory law. We believe the instructions given, when read together, correctly reflect the law applicable to the situation in this case. The defendant tendered no instruction. "Where instructions correctly state the law, it is not error for the court, in the absence of a request for a more specific instruction, to fail to give a more elaborate one." Younker v. Peter Kiewit Sons Co., *supra*.

Defendant sets out in his brief as applicable law in this case subsection (1)(c) of section 39-723, R. S. Supp., 1961, "that no person shall operate a motor vehicle at a rate of speed exceeding 50 miles per hour upon any graveled highway *not a part of the state highway system*." (Italics supplied.) Defendant alleged that plaintiff "was traveling at a speed in excess of the speed limit of 50 miles per hour upon *country* roads." (Italics sup-

plied.) The evidence showed that the road in question was a well-maintained country graveled road, a short cut from Battle Creek to Pierce, Nebraska. It was not shown whether or not it was part of the state highway system. If a graveled road is a part of the state highway system a speed of 60 miles per hour is not violative of the specified maximum speed. Defendant did not allege and did not prove that the highway herein involved was not a part of the state highway system. The cited section of the law is not applicable and the assignment of error is without merit.

The judgment of the district court is correct and it is affirmed.

AFFIRMED.