McDOWELL ROAD ASSOCIATES, A UTAH LIMITED PARTNERSHIP, APPELLEE AND CROSS-APPELLANT, V. WILLIAM T. BARNES ET AL., APPELLANTS AND CROSS-APPELLEES.

252 N. W. 2d 151

Filed April 6, 1977. No. 40861.

Michael Kelley of Kelley & Kelley, for appellants.

Ray C. Simmons, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

McCOWN, J.

The plaintiff brought this action against the defendants to recover rentals guaranteed by the defendants. The District Court entered a partial summary judgment and determined the issues for trial. After trial to the court without a jury, the court found for the plaintiff and entered judgment against the defendants in the sum of $7,175.53, plus interest. Motions for new trial by both plaintiff and defendants were overruled. Defendants have appealed and plaintiff has cross-appealed.

In 1966, Dupree-East McDowell Development Company, as landlord, and Bronco's of Arizona, Inc., as tenant, entered into a lease agreement for the rental of space for a fast food operation in a shopping center owned by the landlord in Phoenix, Arizona. The landlord was to construct a building for the tenant. The lease was to commence on the date the tenant took possession of the leased premises and terminate 20 years thereafter. The tenant took possession of the premises on April 4, 1967. The rental was $1,250 per month. In addition, the tenant was to pay certain common area maintenance costs, insurance, and certain taxes and special assessments.

A separate guaranty agreement was executed by the defendants to induce the landlord to make the lease. The agreement guaranteed the payment of the monthly rentals, and the performance of all obligations of the tenant under the lease, for a period commencing on the date of the lease and ending 6 years thereafter. The total liability of the defendants was not to exceed the sum of $90,000, less the amount of rental payments made by the tenant.

In 1970, the plaintiff acquired the landlord's interest in the shopping center. The tenant continued to occupy the premises until September of 1972. At the end of September 1972, the tenant closed its operation because of continued financial losses. When the tenant vacated the premises, its trade equipment was subject to a statutory lien for rent and was left on the premises. The last rental payment was made in November 1972. During the next few months there were discussions between the plaintiff and one of the defendant guarantors, who was also an officer of the tenant. Plans for locating a new tenant and making disposition of the equipment left in the building were discussed.

In September of 1973, Mr. Kelley, one of the defendant guarantors and an officer of the tenant, sent

plaintiff a bill of sale and release. The instrument was executed by the president of the tenant, but it was never executed by the plaintiff. The defendants' evidence was that there was a verbal agreement by the plaintiff to release the defendant guarantors and the tenant as consideration for the execution of the bill of sale for the equipment. The plaintiff denied there was any such agreement. No new tenant was located for the building until May 1975.

On March 9, 1973, the plaintiff sent a notice of the default to the individual designated to receive such notice in the guaranty agreement, and demanded payment from the defendant guarantors. Under the guaranty agreement, payment was due 60 days after notice. On April 5, 1974, the plaintiff filed this action seeking $8,365.68 from the defendant guarantors. After hearing, the District Court sustained plaintiff's motion for summary judgment except for determining the net amount of the default and the alleged defense that there had been a mutual release of the defendant guarantors in exchange for the bill of sale to the equipment. After trial on those issues the court found for the plaintiff and entered judgment against the defendants in the sum of $7,175.53, plus interest from May 8, 1973. Plaintiff and defendants both filed motions for new trial which were overruled. The defendants appealed and the plaintiff has cross-appealed.

Defendants first contend that the District Court was in error in granting partial summary judgment because the lease was materially altered without defendants' consent and the notice of default was defective. The material alteration which defendants alleged involved a provision in the lease that "the Tenant shall have the right to install and maintain a large free-standing 'Bronco's' sign, the same or similar to that used in connection with Bronco's Drive-ins in Omaha, Nebraska." That provision was never altered, changed, or modified in any respect. The

sign was not erected because the ordinances of the City of Phoenix prohibited the erection of such a sign.

Defendants' complaint with respect to the notice of default is unfounded. The notice stated that "Bronco's Franchise, Inc." was in default rather than "Bronco's of Arizona, Inc." The notice was sent to the individual designated in the guaranty agreement and to the address designated. It is undisputed that the notice was received, and there is no evidence of any damage or prejudice to any of the defendants.

Defendants' contentions that the partial summary judgment was erroneously entered are wholly unfounded. The record fully supports the partial summary judgment. The action of the District Court was correct.

The defendants also contend that the District Court, at trial, erroneously determined that there was no agreement to release the defendants from their liability as guarantors upon the execution of a bill of sale for the tenant's equipment, and that the evidence does not support the verdict and judgment.

The case was tried to the court without a jury. The court specifically found that the bill of sale of the equipment was offered by defendants in consideration of a release, but that offer was never accepted nor the release executed. The evidence supports that finding. Although there was a conflict in the evidence, in a law action tried to the court without a jury, it is not within the province of this court to weigh or resolve conflicts in the evidence. The credibility of the witnesses and the weight to be given to their testimony are for the trier of fact. Insurance Co. of North America v. Hawkins, 197 Neb. 126, 246 N. W. 2d 878.

The case now before us was a law action which was tried to the court without a jury. In a law action tried to the court without a jury, the findings of the court have the effect of a jury verdict and will

not be disturbed on appeal unless clearly wrong. Katleman v. U. S. Communities, Inc., 197 Neb. 443, 249 N. W. 2d 898.

The plaintiff's cross-appeal asserts that there was an error in computing the amount of the judgment for the plaintiff in the amount of $314.63. The record shows that the District Court, in computing the rental payments made by the tenant, which were to be credited against the guaranty, included $314.63 paid on obligations other than rentals. The correct amount of the judgment should have been $7,490.16, rather than $7,175.53.

The judgment is so modified, and as modified is affirmed.

AFFIRMED AS MODIFIED.