ROBERT A. CRAWFORD, A MINOR, BY AND THROUGH HIS FATHER AND NEXT BEST FRIEND, GILBERT A. CRAWFORD, APPELLANT, V. WILLIAM A. HAM, APPELLEE.

311 N.W.2d 896

Filed October 30, 1981. No. 43537.

Robert C. Wester of Schirber Law Offices, P.C., for appellant.

John P. Miller of Miller & Rowen, P.C., for appellee.

Heard before KRIVOSHA, C.J., WHITE, and HASTINGS, JJ., and GITNICK, District Judge, and COLWELL, Retired District Judge.

WHITE, J.

This is an appeal from the decision of the trial court in favor of the defendant and dismissing plaintiff's petition for damages for personal injuries resulting from a collision of a bicycle operated by the plaintiff's son, Robert A. Crawford, and a pickup camper operated by the defendant, William A. Ham. The parties waived a jury trial and submitted the cause to the court on the police reports and the depositions of the parties and the witnesses. Plaintiff assigns as error (1) that the decision was contrary to law and the facts, and (2) that the trial court improperly considered evidence of contributory negligence because it was not properly pleaded.

In reviewing an appeal from the decision of a trial court in a law action, the review is not de novo. The judgment of the District Court will not be set aside on appeal unless it is clearly wrong and not supported by the evidence. *Town & Country Realty of Kearney, Inc. v. Glidden*, 204 Neb. 820, 285 N.W.2d 828 (1979).

In determining whether the evidence supports the findings of the trial court in an action at law where a jury has been waived, the evidence must be considered in the light most favorable to the successful party, all conflicts must be resolved in his favor, and he is entitled to the benefit of every inference that can reasonably be deduced from the evidence. *Aurora Cooperative Elevator Co. v. Larson*, 204 Neb. 755, 285 N.W.2d 498 (1979); *Gehrke v. General Theatre Corp.*, 207 Neb. 301, 298 N.W.2d 773 (1980).

The facts most favorable to the prevailing party would establish that at or about dusk on October 21, 1978, Robert A. Crawford, who was then 13 years of age, had been playing with a companion at a play-

ground in La Vista, Nebraska, near a fire station, when the fire trucks left the station. Robert mounted a bicycle not equipped with lights and pursued the trucks at a fast rate of speed. The companion who had been playing with him also mounted a bicycle and pursued him eastward on Park View Boulevard. The defendant Ham had just emerged from his home at 7809 Park View Boulevard when he first heard the fire sirens and then observed the trucks drive past. He got into his camper truck, turned on the lights, front and rear, and started backing into the street. Defendant looked into the mirrors on each side of the camper truck and into the mirror above the dashboard, through the window of the cab and a glass door on the camper, and observed no one. As he backed into the street, he observed a movement in the right-hand mirror and immediately felt an impact where Robert's bicycle collided with the left rear of the camper. Shortly before the accident, Robert's companion had yelled to him and Robert had turned his head to look back and almost immediately collided with the camper.

Plaintiff suggests that since all evidence was in written form in the District Court, the reviewing court should review the case de novo uninfluenced by the decision of the trial court. He cites *State Farm Mut. Auto. Ins. Co. v. Budd,* 185 Neb. 343, 175 N.W.2d 621 (1970), in support of his contentions. In that case, the dispute arose out of the issue of the statute of limitations raised in an answer and the plaintiff's assertion in a reply that the defendant was equitably estopped from raising that defense. The evidence consisted entirely of correspondence and stipulations of the parties. This court's holding was that since it was in as good a position to weigh the facts as was the trial court, it would do so. However, the court also held that the decision on the submitted materials was "a question of law" and there were no disputed facts. Obviously, that is not the case here.

There were disputes in the deposition testimony of the parties and the witnesses, and the question was factual and not of law.

In any event, if the holding of *State Farm Mut. Auto. Ins. Co. v. Budd, supra,* was ever the law of this state, we would limit it to its specific facts. This court does not intend to change the standard of review in law actions. The standard of review will remain the same, and in a law action tried to the court without a jury the findings of the court have the effect of a jury verdict and will not be set aside on appeal unless they are clearly wrong. *McDowell Road Associates v. Barnes,* 198 Neb. 207, 252 N.W.2d 151 (1977). The evidence in the case before us supports the findings of fact, and the judgment of the trial court was not clearly wrong. The first assignment of error is not meritorious.

By the second assignment of error, the plaintiff seems to assert that the trial court could not consider evidence of contributory negligence. In his answer, the defendant Ham alleged that the negligence of Robert was the proximate cause of Robert's injuries. The plaintiff did not move the court for specifications of the negligence and raised the issue for the first time on his motion for new trial. The plaintiff cites no authority and, indeed, there is none. The rule in this state remains that "a general allegation of negligence is good against a demurrer, *and under such an allegation evidence of any fact which contributed to the injury sued for is competent and relevant.*" (Emphasis supplied.) *Chicago, R.I. & P.R. Co. v. O'Donnell,* 72 Neb. 900, 905, 101 N.W. 1009, 1010 (1904); *Bunselmeyer v. Hill,* 179 Neb. 140, 137 N.W.2d 354 (1965); *Behrens v. Gottula,* 160 Neb. 103, 69 N.W.2d 384 (1955). The assignment is without merit.

AFFIRMED.