ALLIED SECURITIES, INC., A · NEBRASKA CORPORATION, APPELLANT, v. CLARENCE L. D. CLOCKER, APPELLEE.

176 N. W. 2d 914

Filed May 8, 1970. No. 37469.

Hutton, Hutton & Garden, for appellant.

James J. McNally and Elmer C. Rakow, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

Plaintiff claiming a real estate commission for selling a farm of defendant, Clarence L. D. Clocker, the district court on motion rendered summary judgment for Clocker.

Plaintiff's president was Morris D. Patton. He also was a director and former president of the Greater Norfolk Corporation, a nonprofit corporation buying and selling land to attract industry. Clocker had been acquainted with Patton since 1952.

Minutes pertaining to meetings of Greater Norfolk's board of directors referred to the transaction in question. September 17, 1965: ". . . it was moved . . . that Patton be authorized to secure an option from Mr. Clocker on the entire property at a price not to exceed five hundred dollars per acre, seconded . . . and carried." March 30, 1966: "The Union Pacific representative discussed . . . acquiring the . . . Clocker site . . . . No action was taken." April 8: ". . . Patton reported he had written Mr. Clocker . . ., but that he had not received a reply." May 6: "Patton reported he had written Mr. Clocker again telling him that it is urgent that negotiations begin . . .. No reply received."

On June 10, 1966, Patton as plaintiff's president wrote Clocker, a Boyd County resident: "I would like to . . . visit with you . . . next week . . . . I am sure I

will have a proposition . . . that will be acceptable to you." Clocker replied June 14: ". . . I don't agree . . . as to price . . . or option . . .. I want the same . . . terms as the first sale I made on the 30 acres . . .. I think this land should be selling right now at $1,000 (an acre) . . . ."

On June 21, 1966, plaintiff through Patton obtained a listing agreement on the farm for $800 an acre. The same day an option paper signed by Greater Norfolk was proposed by Patton and accepted by Clocker. After survey a controversy arose over acreage. Patton and an employee of plaintiff attempted to close the sale on the basis of 129.84 acres. Clocker refused, contending the quantity was 132.25 acres. A suit followed, but Greater Norfolk over Patton's objection settled for the larger quantity.

Shortly after the closing, Greater Norfolk sold approximately 95 acres of the tract for $1,050 an acre. It did not sell the balance, and in the words of its president, "We wouldn't break even on (the whole tract) . . . ."

In October 1963, Clocker and Greater Norfolk by its president, Patton, had made an option agreement to the latter for purchase of 30 acres of the farm at $800 an acre. Clocker received correspondence about the transaction from Greater Norfolk by Patton. The sale was closed, and a broker's commission was received by plaintiff from Clocker.

Clocker in a deposition testified that in 1963 he had not known of Patton's connection with Greater Norfolk. Plaintiff argues knowledge and acquiescence by Clocker in 1966 solely on the evidence of the transaction in 1963 and of the service of Patton without pay from Greater Norfolk. The argument will not suffice.

"Unless otherwise agreed, an agent is subject to a duty to his principal to act solely for the benefit of the principal in all matters connected with his agency." Restatement, Agency 2d, § 387, p. 201. See, also, Pike

v. Triska, 165 Neb. 104, 84 N. W. 2d 311 (1957).

"Unless otherwise agreed, an agent is subject to a duty not to deal with his principal as an adverse party in a transaction connected with his agency without the principal's knowledge. . . . Comment c. . . . The rule . . . is not based upon . . . harm to the principal in the . . . (transaction) . . . . It exists to prevent a conflict of opposing interests in the minds of agents whose duty it is to act solely for the benefit of their principals. . . . Comment d. . . . in the absence of definite knowledge that the agent is acting on his own account, the principal is not barred by the fact that he has merely reason to know that the agent is so acting. . . . Comment e. . . . The burden of proof is upon the agent to show that he has satisfied the duties required by the rules stated in this Section." Restatement, Agency 2d, § 389, p. 205. See, also, Gutting v. Jacobson, 184 Neb. 402, 167 N. W. 2d 762 (1969); Schepers v. Lautenschlager, 173 Neb. 107, 112 N. W. 2d 767 (1962); Northup v. Bathrick, 80 Neb. 36, 113 N. W. 808 (1907); Jansen v. Williams, 36 Neb 869, 55 N. W. 279 (1893).

A principal whose agent has violated his duties may properly refuse to pay compensation. See Hillyer v. Stansbery, 105 Neb. 636, 181 N. W. 534 (1921). See, also, Restatement, Agency 2d, § 399, p. 231.

The record establishes that no genuine issue existed as to any material fact and that Clocker was entitled to judgment as a matter of law.

AFFIRMED.