JOHN WISNIESKI, APPELLANT, v. ERNEST HARMS AND LAMBERT JONAS, ADMINISTRATOR OF THE ESTATE OF ROSIE (ROSE) HARMS, DECEASED, APPELLEES.

199 N. W. 2d 405

Filed July 7, 1972. No. 38395.

Homer E. Hurt, Jr., for appellant.

Edward Asche, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

This is an action by a real estate broker to recover

a commission for handling the sale of the vendors' land. The jury denied recovery and John Wisnieski, the broker, has appealed. We affirm the judgment of the district court.

The basic question in this case is whether there was sufficient evidence to support the court's submission to the jury of the issues raised in the affirmative defense set up by the vendors. The vendors allege that the broker had been negligent in drafting the sales contract, had been guilty of misrepresentation, and had been negligent in failing to follow the vendors' instructions.

In reviewing the evidence the defendant is entitled to a resolution in his favor of all conflicts in the evidence and controverted questions of facts, and is entitled to the benefit of all of the reasonable inferences that may be drawn from the evidence. The credibility of the witnesses and the weight to be given to their testimony are for the jury's determination, and not for the court. Sall v. Schnackenberg, 178 Neb. 699, 134 N. W. 2d 808. The evidence must be measured against the yardstick of a broker's obligations under the law to his principal. A broker is precluded from recovering compensation for his services when selling the land of his principal, if he is guilty of misconduct in negotiating a contract at variance with the one which he is authorized to make, or disobeys his principal's orders or instructions, or he causes loss to his principal by reason of his negligence in drawing or negotiating a contract of sale for his principal. 12 Am. Jur. 2d, Brokers, § 168, p. 910; Schepers v. Lautenschlager, 173 Neb. 107, 112 N. W. 2d 767; Mattieligh v. Poe, 57 Wash. 2d 203, 356 P. 2d 328, 94 A. L. R. 2d 464.

Prior to January 1963, the vendors, Mr. and Mrs. Ernest Harms, hereinafter referred to as the Harmses, owned the southeast quarter of the southeast quarter and the east half of the southwest quarter of the southeast quarter, Section 8, Township 20 North, Range 5

East of the 6th P. M., Dodge County, Nebraska. In January 1963, the Harmses sold to Mr. and Mrs. Leonard Wiese a small acreage or tract of land for residence purposes in the southeast corner of the southeast quarter of Section 8. The Wieses also maintained a small machine or workshop on the premises. Along and near the border on the west of this tract was a grove of trees. Also, toward the northeast corner of this small residence tract was a driveway leading from the road which bounded the tract on the east. A survey later showed that the driveway was in the area conveyed by the Harmses but that the border grove of trees still belonged to them. In any event, it was thought by the Harmses, and apparently by all parties concerned, that neither the driveway nor the trees were within the Wieses' tract at the time of the negotiation of the sale contract involved herein. The evidence is that the Wieses expressed the desire to purchase the land where the driveway and the bordering trees were if the Harmses ever decided to sell it, and it was agreed that the Wieses would be given this opportunity.

On August 18, 1965, the Harmses signed a listing contract giving the plaintiff Wisnieski, a licensed real estate broker, the exclusive right to sell their remaining land in the section. Because of the relatively uncertain situation as to the driveway and the grove of trees, it was necessary for the Harmses to give Wisnieski specific instructions as to its disposition. Mr. Harms testified at the trial, in substance, that he had given Wisnieski instructions to offer the Wieses the land which included the trees and the driveway before Wisnieski was to sell to anyone else. To the contrary, Wisnieski testified that no instruction was ever given him as to the trees but only that he was instructed to and did, in fact, inform the Wieses about the driveway.

In any event, subsequent to the listing contract, on September 1, 1965, an agreement to sell "40 acres more or less" was signed by the Harmses as vendors and

by one Joseph Sechovec as purchaser. Again, Mr. Harms testified that prior to the signing of the contract with Sechovec, Wisnieski had told him that the Wieses would be getting the trees and the driveway but later Wisnieski told him that Sechovec was to have the trees and the driveway. Wisnieski, of course, was anxious to sign the agreement with Sechovec and to complete the sale. In direct conflict with Harms' testimony, he testified that he had never mentioned to the Harmses that the tree area would go to the Wieses. It is apparent at this point that there is a direct conflict in the testimony as to what the instructions were to Wisnieski and whether he failed to perform them in negotiating the sale with Sechovec. Supporting the Harms' version of the testimony and the jury's finding in this case is the reasonable inference that the bordering grove of trees, immediately adjacent and coextensive with the west boundary of the Wieses' property, was a natural and integral part of the residence acreage. It therefore follows that the evidence is sufficient to sustain the finding that the Harmses gave specific instructions which were either intentionally or negligently violated by Wisnieski in the execution and negotiation of the contract with Sechovec.

This misunderstanding or dispute led to serious difficulties and litigation concerning the performance of the Sechovec contract. Despite the contractual agreement, containing an agreement to sell "40 acres more or less," a reasonable inference is that the Harmses' refusal to convey title to Sechovec as to the balance of their property, as promised, was because Wisnieski had either negligently or intentionally violated the instructions that the Harmses had given him. Sechovec brought suit for specific performance and the Harmses were ordered to convey approximately 41 acres to Sechovec. In connection with this dispute a survey was conducted in relation to the 1963 conveyance to the Wieses. This survey showed that the 1963 conveyance to the Wieses

had included the driveway, but not the tree area. The court-ordered conveyance to Sechovec *did not include the tree area either*. This finding in the specific performance case is consistent with and is confirmatory of the jury finding in this case that the instructions to Wisnieski had not been followed as directed. Subsequently, the tree area was conveyed by the Harmses to the Wieses. Compounding the difficulty, after the suit for specific performance, Sechovec sought to recover rent for the period that he was wrongfully held out of possession of the land, which failure to render possession arose out of the situation surrounding the conveyance of the trees and the driveway. In this case the trial court found in favor of the Harmses, and we affirmed. Sechovec v. Harms, 187 Neb. 70, 187 N. W. 2d 296. We come to the conclusion that there is sufficient evidence to support the finding of the jury in favor of the Harmses on the affirmative defenses set up by them to this action for the recovery of the commission.

The plaintiff in this case has assigned numerous errors. Many of them are not specifically argued and are therefore not before us. We briefly note those that are worthy of consideration. The Harmses filed a cross-petition in this case for the recovery of their expenses in the specific performance action brought against them. The jury found against them. Neither the plaintiff Wisnieski nor the Harmses, by way of cross-appeal, have appealed from the judgment on the cross-petition. The plaintiff argues that the finding for the plaintiff on the defendants' cross-petition is inconsistent with the finding against Wisnieski on the action for the commission. This contention fails, first, because the judgment on the cross-petition is final and unappealed from and is conclusive on the parties. The only issues properly before us are the issues raised in the plaintiff's petition and the defendants' answer in the action for the recovery of the commission. Second, the issues on the cross-petition were different and the jury may have

well found that the Harmses could not recover on the cross-petition because of the failure to prove that Wisnieski's breach of duty was the proximate cause of the loss suffered by the Harmses or the amount of the damage properly attributable to such breach of duty.

Wisnieski further contends that the successful suit by Sechovec for specific performance against the Harmses is res judicata of the issue of his alleged negligence in drafting the offer to purchase. However, Wisnieski was not a party to the Sechovec suit, and the issues were entirely different. Whether the Harmses were bound by the representations and the contract drawn by Wisnieski, is an entirely different issue than whether Wisnieski breached his duty as an agent of the Harmses in the drafting and in the performance of the sale contract. Res judicata is not applicable. American Province Real Estate Corp. v. Metropolitan Utilities Dist., 178 Neb. 348, 133 N. W. 2d 466.

The plaintiff makes an extensive argument as to error in instructions. As we understand it, this contention, boiled down, is that the court in the sixth instruction provided that: "If the defendant has failed to establish *any* of the propositions * * *, you are instructed to find for the plaintiff * * *." And later on the instruction said: "* * * if the defendants have established * * * *any* one of their affirmative allegations * * *, you shall find for the defendants and against the plaintiff on his petition." (Emphasis supplied.) The plaintiff contends that this instruction is ambiguous and self-contradictory. We disagree. Instructions must be construed together and isolated language, taken out of context, is not sufficient to support a challenge of error if the whole instruction or all of the instructions are not misleading or erroneous. We will not burden this opinion with a recital of the rather lengthy instructions covering these issues. Suffice it to say, the instructions as a whole are consistent and clear and fairly presented the issues to the jury. This contention is without merit.

The evidence is sufficient to support the verdict, there is no error in the instructions, and the other assignments of error are without merit. The judgment of the district court is correct and is affirmed.

AFFIRMED.