ROBERT V. HERINK, APPELLEE, V. STATE OF NEBRASKA
EX REL. STATE REAL ESTATE COMMISSION OF THE
STATE OF NEBRASKA, APPELLANT.

252 N. W. 2d 172

Filed April 6, 1977. No. 40968.

Paul L. Douglas, Attorney General, and Richard H. Williams, for appellant.

Robert V. Herink, pro se.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BOSLAUGH, J.

This is an appeal in a proceeding to review an order of the Nebraska State Real Estate Commission suspending the plaintiff's license as a real estate broker for 1 year.

The trial court found that the plaintiff had induced Edith Kugler and Leon Kugler to falsify and deliberately withhold information in order to induce the First Federal Savings and Loan Association of Omaha, Nebraska, to approve a loan to the Kuglers to purchase a home from First Omaha Realty Co., a corporation owned entirely by the plaintiff and members of his family. The court found this conduct demonstrated unworthiness on the part of the plaintiff to act as a real estate broker. The trial court modified the commission's order of suspension so that the plaintiff would be on probation after the

first 60 days of the 1-year period. The State has appealed. There is no cross-appeal.

Section 81-885.31, R. S. Supp., 1976, provides that in any judicial proceeding under the act the court shall consider the matter de novo upon the record. The trial court construed this provision to mean that the District Court should exercise independent judgment on the issues presented to and decided by the commission.

Under the statute as it existed in 1947, this court held that the review was intended to provide more than a determination of whether the order of the commission was arbitrary and capricious and, if raised, the District Court could determine whether the findings of the commission were contrary to the weight of the evidence. Feight v. State Real Estate Commission, 151 Neb. 867, 39 N. W. 2d 823.

We have recently held that where the licensing and regulation of the health profession was delegated to an administrative agency, the judicial review of an order made by the agency was limited to a determination of whether the order was supported by substantial evidence, whether the agency acted within the scope of its authority, and whether its action was arbitrary, capricious, or unreasonable. Scott v. State ex rel. Board of Nursing, 196 Neb. 681, 244 N. W. 2d 683. We think a similar rule is applicable here. Thus, the statutory provision for consideration of the matter de novo upon the record by the trial court refers to the procedure on the trial of the appeal rather than the determination of the appeal. See T & N P Co., Inc. v. Nebraska Liquor Control Commission, 189 Neb. 708, 204 N. W. 2d 809.

The order of the commission finding that the plaintiff's license to act as a real estate broker should be suspended for a year was not arbitrary, capricious, or unreasonable and should have been affirmed. The judgment of the District Court modifying the order of the commission is reversed and the cause

remanded with directions to reinstate the order of the commission.

As we understand the record, the commission on August 18, 1975, ordered the plaintiff's license as a real estate broker be suspended for 1 year from August 29, 1975. On September 2, 1975, the trial court temporarily restrained the enforcement of the order of suspension. The restraining order was continued in effect until the final determination of the action in the District Court on July 6, 1976.

There was no supersedeas of the judgment of the District Court pending the determination of the appeal in this court. The plaintiff should receive credit for the 60-day period of suspension under the judgment of the District Court which has now expired. The remaining period of suspension will commence to run upon the filing of the mandate of this court in the District Court.

REVERSED AND REMANDED WITH DIRECTIONS.