THERESE C. HALLER, APPELLEE, v. STATE OF NEBRASKA EX REL. STATE REAL ESTATE COMMISSION OF THE STATE OF NEBRASKA, APPELLANT.

253 N. W. 2d 280

Filed May 4, 1977. No. 40938.

Paul L. Douglas, Attorney General, and Robert H. Peterson, for appellant.

Robert E. O'Connor, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

McCOWN, J.

This is a proceeding by the State Real Estate Commission against Therese C. Haller, a real estate saleswoman, for an alleged violation of rules of the commission. Following a hearing on the charges, the commission found that the defendant had violated Rule 24(b), now Rule 6(3)(b), of the rules of the State Real Estate Commission, and suspended her real estate salesman's license for 30 days. Upon appeal to the District Court for Douglas County on the record made before the State Real Estate Commission, the court found that the findings of the real estate commission were in error, and that the real estate license should not have been suspended. The District Court then reversed and vacated the order of suspension and dismissed the proceeding. The commission has appealed.

Vintage, Inc., a real estate firm holding a broker's license, was the exclusive sales representative for a real estate development in Sarpy County, Nebraska. In 1974, the developer and Vintage were engaged in a sales promotion which involved the purported sale of an insignificant item of personal property by the purchaser to the seller for $1,000. No money was ever given to the buyer, but the amount was credited as part of the downpayment on the house. Sometimes the personal property was transferred, but often nothing was ever turned over to the seller. The promotion resulted in an effective reduction of the purchase price by $1,000.

The appellee, Therese C. Haller, was employed by

Vintage, Inc., and held a license as a real estate saleswoman. In a transaction involved in the complaint against her, she showed a condominium to a prospective buyer and explained to him that the purchase price was stated at $25,900, but that someone would buy a canceled rent receipt from him for $1,000, making the effective price of the unit $24,900. The purchaser then signed an agreement, presented to him by the appellee, to sell the canceled rent receipt, and made a cash deposit of $400. The appellee prepared the purchase agreement showing a purchase price of $25,900, but showing receipt of an earnest money deposit of $1,400. The purchaser's offer to purchase the property was contingent upon obtaining a 95 percent loan. The appellee then referred the purchaser to a building and loan association which took the information regarding the purchase price and the earnest money deposit from the purchase agreement. The loan was made in reliance on the purchase agreement and the transaction was closed on October 25, 1974.

A similar transaction was conducted by the appellee with another purchaser in January of 1975. Each transaction is the basis of a separate charge in the complaint filed against the appellee.

On July 18, 1975, the State Real Estate Commission filed charges against the appellee and another salesman, as salesmen, and against the appellee's supervisor, and Vintage, Inc., as brokers. It was alleged that in the transactions involved, they had all violated a federal statute which makes it unlawful to knowingly make any false statement or representation, or unlawfully overvalue any land upon any application or purchase agreement for the purpose of influencing in any way the action of any institution whose accounts are insured by the Federal Savings and Loan Insurance Corporation. The charges also alleged that they had all violated Rule 24(b), now

Rule 6(3)(b), of the rules of the State Real Estate Commission.

Under section 81-885.24, R. R. S. 1943, the commission has power to revoke or suspend any license if the licensee has been found guilty of any of numerous specified unfair trade practices, including the violation of any rule or regulation promulgated by the commission in the interest of the public, or actions demonstrating unworthiness or incompetency to act as a broker or salesman. Rule 24(b), now Rule 6(3)(b), provides that actions demonstrating unworthiness shall include, but not be limited to, "Representing to any lender, guaranteeing agency, or any other interested party, either verbally or through the preparation of false documents, an amount in excess of the true and actual sale price of the real estate or terms differing from those actually agreed upon."

Following hearing, the real estate commission suspended the broker's license of appellee's supervisor and that of Vintage, Inc., for a period of 90 days, and suspended the salesman's license of the appellee for a period of 30 days. The proceeding against the other salesman was dismissed. Only the appellee appealed to the District Court. The District Court, under the provisions of section 81-885.31, R. R. S. 1943, considered the matter de novo upon the record without additional evidence. The court found that the findings of the real estate commission were in error, reversed and vacated the order of suspension, and dismissed the proceeding. The State Real Estate Commission has appealed to this court.

The fundamental issue here involves the standard to be used in a judicial review of orders of the State Real Estate Commission made and entered within its statutory power and jurisdiction. The District Court, in following the statutory mandate of section 81-885.31, R. R. S. 1943, substituted its judgment for that of the real estate commission.

The function which the State Real Estate Commission exercises is a legislative one delegated to it by the Legislature under standards set by statute. In several recent cases we have held that a statute which purports to delegate to the courts de novo review of an exercise of legislative power, in the sense that the court may substitute its own judgment for that of the administrative agency to which the Legislature has appropriately delegated the power, is unconstitutional. See, Herink v. State ex rel. State Real Estate Commission, *ante* p. 241, 252 N. W. 2d 172; Scott v. State ex rel. Board of Nursing, 196 Neb. 681, 244 N. W. 2d 683; American Assn. of University Professors v. Board of Regents, *ante* p. 243, 253 N. W. 2d 1; Orleans Educations Assn. v. School Dist. of Orleans, 193 Neb. 675, 229 N. W. 2d 172. In construing a statute, however, it is the duty of the court to give a statute an interpretation which meets constitutional requirements if it can reasonably be done. Scott v. State ex rel. Board of Nursing, *supra.*

Section 81-885.31, R. R. S. 1943, as so construed, does not provide for a de novo review in the District Court in the sense that the court may substitute its own judgment for that of the State Real Estate Commission. In a proceeding to review an order of the State Real Estate Commission the questions to be determined are whether the order of the commission was supported by substantial evidence, whether the commission acted within the scope of its authority, and whether its action was arbitrary, capricious, or unreasonable. Herink v. State ex rel. State Real Estate Commission, *supra.*

The order of the State Real Estate Commission in the case now before us is supported by substantial evidence. The commission acted within the scope of its authority, and its action was not arbitrary, capricious, or unreasonable. The judgment of the District Court is reversed and the order of the State

Real Estate Commission suspending appellee's license is reinstated.

REVERSED AND REMANDED.

SPENCER, J., concurs in the result only.