MARK ABBOUD, APPELLANT, V.
STATE OF NEBRASKA EX REL.
STATE REAL ESTATE COMMISSION, APPELLEE.

316 N.W.2d 608

Filed February 26, 1982.   No. 43861.

E. Terry Sibbernsen of Welsh, Sibbernsen & Bowen for appellant.

Robert H. Petersen, Special Assistant Attorney General, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.

Mark Abboud appeals from the judgment of the District Court affirming the order of the State Real Estate Commission suspending his salesperson's license

for 6 months.

A complaint filed before the commission on October 11, 1979, alleged that the appellant had engaged in an unfair trade practice as defined by Neb. Rev. Stat. §§ 81-885.24(28) and 81-885.24(22) (Reissue 1976), which provide as follows:

"(28) Demonstrating unworthiness or incompetency to act as a broker, associate broker, or salesman, whether of the same or of a different character as hereinbefore specified."

"(22) Acting for more than one party in a transaction without the knowledge of all parties for whom he acts."

The complaint arose out of a transaction involving the sale of a bar in Arlington, Nebraska, owned by Ben Hurst. Hurst had listed the bar for sale with Real Estate Associates, Inc., for $29,950. The appellant and Van Brownson are agents and employees of Real Estate Associates. On March 23, 1979, Van Brownson, who was the listing agent, presented two purchase agreements to Hurst, one from Robert Ball for $27,500, and one from Robin Jo Abboud, a sister of the appellant, for $28,000. Hurst accepted the offer from Robin Jo Abboud but added several terms to the purchase agreement.

On the following day, Ball increased his offer to $29,950. The purchase agreement from Robin Jo Abboud had been delivered to the appellant but had not been delivered to the purchaser. Van Brownson reached the appellant by telephone and advised him that Hurst did not want to accept the offer of Robin Jo Abboud for the property and had revoked his acceptance of the agreement. The appellant, however, delivered the purchase agreement to Robin Jo Abboud who then placed it of record.

Hurst eventually completed the sale to Robin Jo Abboud, receiving $1,950 less for the property than if it had been sold to Ball.

Upon an appeal from an order of the State Real Estate Commission the questions to be determined are whether the order is supported by substantial evidence,

whether the commission acted within the scope of its authority, and whether its action was arbitrary, capricious, or unreasonable. *Herink v. State ex rel. State Real Estate Commission*, 198 Neb. 241, 252 N.W.2d 172 (1977).

The appellant makes a number of arguments concerning the rights of the parties to the transaction and the legal effect of what happened. In this proceeding we are concerned only with the conduct of the appellant after he had been advised that Hurst did not want to accept the offer of Robin Jo Abboud and had revoked his acceptance of the purchase agreement.

Generally, an agent is required to act solely for the benefit of his principal in all matters connected with the agency and adhere faithfully to the instructions of the principal. *Allied Securities, Inc. v. Clocker*, 185 Neb. 524, 176 N.W.2d 914 (1970); *Winchell v. National Bank of Commerce Trust & Sav. Assn.*, 181 Neb. 870, 152 N.W.2d 2 (1967).

The appellant was the agent of Hurst and was required to act in accordance with the instructions of his principal. The salesperson was the agent of the seller only. *Wisnieski v. Harms*, 188 Neb. 721, 199 N.W.2d 405 (1972).

When the appellant delivered the purchase agreement to Robin Jo Abboud, after he had been advised that Hurst had revoked his acceptance of the purchase agreement, he violated his duty to his principal.

The order of the State Real Estate Commission was supported by substantial evidence; the order was within the scope of the authority of the commission; and the order was not arbitrary, capricious, or unreasonable.

The judgment of the District Court is affirmed.

AFFIRMED.