SLACK NURSING HOME, INC., APPELLEE, V. DEPARTMENT OF SOCIAL SERVICES OF THE STATE OF NEBRASKA, AND MARY DEAN HARVEY, DIRECTOR OF THE DEPARTMENT OF SOCIAL SERVICES OF THE STATE OF NEBRASKA, APPELLANTS.

528 N.W.2d 285

Filed March 3, 1995.   No. S-93-643.

Don Stenberg, Attorney General, and Royce N. Harper for appellants.

Lavern R. Holdeman, of Nelson Morris Holdeman & Titus, for appellee.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ.

LANPHIER, J.

The Department of Social Services (Department) appeals a finding and order of the district court for Lancaster County, dated June 22, 1993. Slack Nursing Home, Inc., appealed to the district court from the finding and order of the director of the Department dated May 29, 1992. The district court conducted its review de novo on the record of the Department. The Department contends that the district court should have limited its review to a determination of whether the Department's order was supported by substantial evidence, whether the Department acted within the scope of its authority, and whether the Department's decision was arbitrary, capricious, or unreasonable. The Department asserts that the district court's broader review violated Nebraska's separation of powers doctrine. See Neb. Const. art. II, § 1. We hold that the legislatively mandated de novo standard of review in contested case proceedings under the Administrative Procedure Act (APA) does not violate the separation of powers doctrine. However, in this case the district court erred in rejecting the Department's interpretation of its own regulation absent a showing that the Department's interpretation was plainly erroneous or

inconsistent. We, therefore, reverse the decision of the district court and reinstate the finding and order made by the Department dated May 29, 1992.

## STATEMENT OF FACTS

Slack Nursing Home is a long–term–care facility owned by Richard D. Slack and is located in Gothenburg, Nebraska. Slack Nursing Home is certified by the Department as a provider of medicaid long–term–care services. As a long–term–care provider, Slack Nursing Home is subject to the rules and regulations of the Department and the federal medicaid rules and regulations. See, 471 Neb. Admin. Code, ch. 12, § 011 (1990); *Bethesda Found. v. Nebraska Dept. of Soc. Servs.*, 243 Neb. 130, 498 N.W.2d 86 (1993).

In 1965, the State of Nebraska became a participant in the medicaid program pursuant to Neb. Rev. Stat. § 68–1018 (Reissue 1990). The Department administers the program in Nebraska. As a certified provider of medicaid long–term–care services, Slack Nursing Home may apply for reimbursement of direct care expenses subject to the provisions of the Nebraska state plan. To obtain reimbursement under the program, Slack Nursing Home is required to submit its costs by filing a "Long Term Care Cost Report." According to § 011.10, the Long Term Care Cost Report is subject to a desk audit by the Department. If the Department determines that the reimbursement calculated by the facility is incorrect or not allowed by the rules and regulations, the Department is empowered to adjust the Long Term Care Cost Report. § 011.11.

On September 27, 1991, Slack Nursing Home submitted its Long Term Care Cost Report for the fiscal year ending June 30, 1991. The desk audit determined that some of the nursing home's cost claims were incorrect, and the Department completed the necessary adjustments reducing the claims. Slack Nursing Home was notified of these adjustments by a letter dated December 20, 1991.

Slack Nursing Home appealed the adjustments at an administrative hearing held on April 28, 1992. The specific adjustments appealed were claims regarding the nursing home's administrator's salary and for an interest expense on delinquent

property taxes. Only the claim regarding the administrator's salary is before us on appeal.

From the agency hearing, the Department issued a finding and order on May 29, 1992, which found that the Department had applied the methodology provided by state and federal regulations in determining a reasonable rate of compensation for Slack Nursing Home's administrator. Slack Nursing Home timely filed for a review of the agency decision in the district court pursuant to Neb. Rev. Stat. § 84–917 (Reissue 1994).

The district court stated its review of the agency determination under § 84–917 was to be conducted de novo on the record of the Department. In so doing, the district court rejected the Department's argument that the separation of powers doctrine limited the scope of its review to a determination of whether the Department's decision was supported by substantial evidence; whether the Department acted within the scope of its authority; or whether the Department's decision was arbitrary, capricious, or unreasonable.

The district court overturned the Department's interpretation of § 011.06K. This regulation states:

> Compensation received by an administrator, owner, or directly–related parties is limited to a reasonable amount for the services provided. Medicare regulations and administrator salary surveys for the Kansas City Region, adjusted for inflation by the Department of Health and Human Services, are used in determining reasonable salaries for administrators. All compensation received by an Administrator is included in the Administration Cost Category, unless an allocation has prior approval from the Department. The regulations and surveys are used as a guideline in determining reasonable salaries for owners or related parties holding other positions at the facility.

The district court interpreted this regulation as providing that the salary surveys for the Kansas City region were to be used only as a guideline in determining reasonable salaries. The Department argues that § 011.06K, when taken in its entirety and with due note of the key words "are used," dictates that salary surveys for the Kansas City region must be used to

determine the maximum amount of reimbursement a facility can receive for an administrator's salary. The maximum reimbursement allowed by the Kansas City salary surveys was less than the amount claimed by Slack Nursing Home. Therefore, the Department adjusted Slack's claim downward.

In accordance with its interpretation of § 011.06K, the district court held that the Kansas City salary surveys were merely a guideline. The court held that the salary claimed by Slack Nursing Home was reasonable and that the Department should not have adjusted Slack Nursing Home's claim for its administrator's salary downward.

## SCOPE OF REVIEW

We have stated that a statute is presumed to be constitutional, and all reasonable doubts will be resolved in favor of its constitutionality. The burden is upon the party claiming a statute is unconstitutional to establish its unconstitutionality. *State v. Philipps*, 246 Neb. 610, 521 N.W.2d 913 (1994); *Jaksha v. State*, 241 Neb. 106, 486 N.W.2d 858 (1992); *State ex rel. Spire v. Strawberries, Inc.*, 239 Neb. 1, 473 N.W.2d 428 (1991). Moreover, the unconstitutionality of a statute must be clearly established before a court may declare it void. *State v. Philipps, supra.*

## ANALYSIS

### STANDARD OF REVIEW UNDER THE APA

The APA provides general principles governing agency rulemaking and promulgation. See Neb. Rev. Stat. §§ 84–901 through 84–920 (Reissue 1994). The APA is intended to establish minimum administrative procedures applicable to all agencies and provides for judicial review of agency determinations. §§ 84–916 through 84–918. However, the Legislature has removed some appeals from administrative agencies from the APA, and the appellate procedures and standards of review may differ in those cases from the provisions discussed below. See, e.g., *County of Adams v. State Bd. of Equal., ante* p. 179, 525 N.W.2d 629 (1995); *Clayton v. Nebraska Dept. of Motor Vehicles, ante* p. 49, 524 N.W.2d 562 (1994).

Parties affected by the rules or regulations of a state agency

can obtain a hearing before the agency. Under the APA, a contested case is "a proceeding before an agency in which the legal rights, duties, or privileges of specific parties are required by law or constitutional right to be determined after an agency hearing." § 84–901(3). Each agency adopts its own rules and regulations for notice and hearing in contested cases. § 84–913. Contested case proceedings are conducted by hearing officers who may admit and give probative effect to evidence. The rules of privilege and evidence may be applicable. § 84–914(1).

"Any person aggrieved by a final decision in a contested case, whether such decision is affirmative or negative in form, shall be entitled to judicial review under the Administrative Procedure Act." § 84–917(1). Section 84–917(5) and (6) govern the scope of that review:

(5)(a) When the petition instituting proceedings for review was filed in the district court before July 1, 1989, the review shall be conducted by the court without a jury on the record of the agency, and review may not be obtained of any issue that was not raised before the agency unless such issue involves one of the grounds for reversal or modification enumerated in subdivision (6)(a) of this section. When the petition instituting proceedings for review is filed in the district court on or after July 1, 1989, the review shall be conducted by the court without a jury de novo on the record of the agency.

(b) If the court determines that the interest of justice would be served by the resolution of any other issue not raised before the agency, the court may remand the case to the agency for further proceedings.

(6)(a) When the petition instituting proceedings for review was filed in the district court before July 1, 1989, the court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if the substantial rights of the petitioner may have been prejudiced because the agency decision is:

(i) In violation of constitutional provisions;

(ii) In excess of the statutory authority or jurisdiction of the agency;

(iii) Made upon unlawful procedure;

(iv) Affected by other error of law;

(v) Unsupported by competent, material, and substantial evidence in view of the entire record as made on review; or

(vi) Arbitrary or capricious.

(b) When the petition instituting proceedings for review is filed in the district court on or after July 1, 1989, the court may affirm, reverse, or modify the decision of the agency or remand the case for further proceedings.

An aggrieved party may obtain review of any judgment or final order entered by a district court under the APA. § 84–918. Section 84–918 provides the standard of review for the appellate court. When the petition instituting proceedings for review was filed in the district court before July 1, 1989, the appeal from the district court's order is taken in the manner provided by law for appeals in civil cases and is heard de novo on the record. § 84–918(2). Appeals involving petitions filed on or after July 1, 1989, are reviewed for errors appearing on the record. § 84–918(3). An appellate court, in reviewing a judgment of the district court for errors appearing on the record, will not substitute its factual findings for those of the district court where competent evidence supports those findings. *Bell Fed. Credit Union v. Christianson*, 244 Neb. 267, 505 N.W.2d 710 (1993).

At issue is the effect of the 1989 amendments upon the district court's standard of review. The Department states that the Legislature was simply trying to place a broader standard of review with the district court and a narrower one with the appellate courts in order to rectify problems identified by this court in *Haeffner v. State*, 220 Neb. 560, 371 N.W.2d 658 (1985). The Department argues that the Legislature failed to consider the effect of its 1989 amendments upon the separation of powers doctrine. Further, the Department asserts that the Legislature failed to define the meaning of "de novo review" and that the term has been given different meanings in different contexts.

In *Haeffner, supra*, we examined §§ 84–917 and 84–918 as those sections existed prior to the 1989 amendments. We held that § 84–917(6) limited a district court's review to a

determination of whether the agency's decision violated constitutional provisions; exceeded the agency's statutory authority; was made upon unlawful procedure; was affected by other error of law; was unsupported by competent, material, and substantial evidence in view of the entire record as made on review; or was arbitrary or capricious.

In *Haeffner*, we further held that the appropriate standard of review for this court was prescribed by § 84-918. This court's review under § 84-918 was conducted without the limitations imposed on district courts by § 84-917(6)(e) and (f). Our review was de novo on the record. *Haeffner, supra (overruling, The 20's, Inc. v. Nebraska Liquor Control Commission*, 190 Neb. 761, 212 N.W.2d 344 (1973), and *Weiner v. State ex rel. Real Estate Comm.*, 214 Neb. 404, 333 N.W.2d 915 (1983)).

Subsequently, the Nebraska Legislature enacted 1989 Neb. Laws, L.B. 213, and amended § 84-917 to require district courts to review appeals from agency determinations in contested cases de novo on the record. The Statement of Intent for L.B. 213 indicates:

> Under current law [pre-1989 amendment], the district court which first reviews an agency decision on appeal applies the narrow criteria found in section 84-917. On appeal to the Supreme Court under current section 84-918, the Supreme Court reviews the district court's judgment de novo on the record, which is a much broader standard of review. LB 213 would place the broader standard of review (de novo on the record) in the district court, and then a narrower standard of review in the Supreme Court will be applied (errors appearing on the record). This change would take place with appeals filed in the district court on or after July 1, 1989.
>
> LB 213 would reduce the time required by the Supreme Court in its reviews under the Administrative Procedures [sic] Act. Rather than reviewing the record of the agency and making a decision anew as is currently required, the Court will review the district court's action and decide whether that court made any error.

Committee on Government, Military, and Veterans' Affairs, 91st Leg., 1st Sess. (Feb. 23, 1989).

We have had several occasions to address the judicial scope of review since the 1989 amendments to §§ 84–917 and 84–918. First, in *Department of Soc. Servs. v. Person*, 234 Neb. 865, 453 N.W.2d 390 (1990), we affirmed our understanding of the APA's pre-1989 standards of review. *Person* involved an appeal from the Department's denial of an application for public medical assistance to a 5–year–old child suffering from multiple disabilities. In *Person*, the petition had been filed before the July 1, 1989, effective date of the amendments. The parents of the child, as his guardians, appealed the Department's finding and order to the district court pursuant to § 84–917. The district court, comporting with the limitations found in § 84–917(6)(a), held that the director's findings were totally unsupported by the evidence. The district court reversed the Department's determination denying assistance to the disabled child. The Department appealed and contended that its determination was, in fact, supported by the evidence. We again noted that the legislative mandate found in § 84–918, albeit incongruous, permitted us to conduct a true de novo review, although the district court had been bound by the standards discussed in *Haeffner*. We then defined a true de novo review. In a true de novo review, we are not limited to considering whether there was sufficient evidence to support the director's findings nor whether the district court erred in its determination. Rather, in a true de novo review, we use the assignments of error as a guide to the factual issues in dispute and make an independent factual determination based upon the record.

In *Bell Fed. Credit Union v. Christianson*, 237 Neb. 519, 466 N.W.2d 546 (1991) (*Bell Fed. Credit Union I*), the 1989 amendments were controlling. Bell Federal filed an appeal to the district court from the Nebraska Appeal Tribunal's determination to award unemployment compensation benefits to striking workers. In affirming the decision of the appeal tribunal, the district court stated, " 'The standard for review on appeal of such an issue requires that the decision of the appeal tribunal should be affirmed unless it is unsupported by competent and substantial evidence, or is arbitrary or capricious, or the result of an error of law.' " *Id.* at 522, 466

N.W.2d at 548.

Bell Federal appealed to this court. We held that, as amended in 1989, § 84-918(3) permitted us to reverse, vacate, or modify the district court's judgment or final order if error appeared on the record. We stated:

It is a logical impossibility for this court to review the district court judgment for errors appearing on the record if the district court incorrectly limited its review and, thus, failed to make factual determinations, as it must under a de novo on the record review. The district court's and this court's standards of review are interdependent.

*Bell Fed. Credit Union I*, 237 Neb. at 522-23, 466 N.W.2d at 549.

Therefore, in *Bell Fed. Credit Union. I*, we stated that under the 1989 amendments to the APA, district courts were required to conduct a true de novo review, as defined in *Person*, of agency determinations. Such review is to be conducted on the record of the agency. The record consists of the transcripts and bill of exceptions of the proceedings before the agency and facts capable of being judicially noticed pursuant to Neb. Evid. R. 201. *Dairyland Power Co-op v. State Bd. of Equal.*, 238 Neb. 696, 472 N.W.2d 363 (1991).

In summary, our case law, the plain language of §§ 84-917 and 84-918, and the legislative history, are in complete agreement. Pursuant to the 1989 amendments to § 84-917, a district court is required to conduct a de novo review of agency determinations on the record of the agency. The district court is not limited to a review subject to the narrow criteria found in § 84-917(6)(a) but is required to make independent factual determinations based upon the record. The district court's decision is to be made independently of the agency's prior disposition. Therefore, the district court is not required to give deference to the findings of fact by the agency hearing officer and to the decision of the director of the Department. See, *Department of Health v. Grand Island Health Care*, 223 Neb. 587, 391 N.W.2d 582 (1986); *Person, supra* (defining de novo review). Upon review to this court, we are required to conduct a review for errors appearing on the record. See § 84-918(3).

## Separation of Powers

In this case, the Department contends that § 84-917, which compels district courts to determine facts anew, violates the separation of powers doctrine. The Department states that the separation of powers doctrine limits the extent of judicial review in the district court to whether the agency decision is supported by sufficient evidence; whether it acted within the scope of its statutory authority; and whether its action was arbitrary, capricious, or unreasonable. The Department further argues that the separation of powers doctrine requires courts to give deference to the determinations of the agency's hearing officer and director.

The separation of powers doctrine provides:

> The powers of the government of this state are divided into three distinct departments, the legislative, executive and judicial, and no person or collection of persons being one of these departments, shall exercise any power properly belonging to either of the others, except as hereinafter expressly directed or permitted.

Neb. Const. art. II, § 1.

The separation of powers doctrine prohibits one branch of government from encroaching on the duties and prerogatives of the others or from improperly delegating its own duties and prerogatives. *State ex rel. Stenberg v. Murphy, ante* p. 358, 527 N.W.2d 185 (1995); *Clemens v. Harvey, ante* p. 77, 525 N.W.2d 185 (1994); *Otey v. State*, 240 Neb. 813, 485 N.W.2d 153 (1992); *State ex rel. Spire v. Conway*, 238 Neb. 766, 472 N.W.2d 403 (1991). However, in *Hooper Telephone Co. v. Nebraska Telephone Co.*, 96 Neb. 245, 147 N.W.2d 674 (1914), we noted that the last clause of article II, § 1, implies that some of the provisions of the Nebraska Constitution expressly direct or permit one department of government to exercise powers belonging to another department. See, also, *State ex rel. Stenberg v. Murphy, supra*.

An administrative agency can have duties of a quasi-judicial nature in addition to its rulemaking duties. *Id.*; *Anderson v. Tiemann*, 182 Neb. 393, 155 N.W.2d 322 (1967). The conferring upon state agencies or officers of executive or administrative functions requiring the exercise of quasi-judicial

powers does not conflict with the constitutional provisions regarding officers and bodies upon whom judicial power may be conferred. This is particularly true where provision is made for appeal from decisions of such officers or agencies to the courts. *Id.*

Although courts have no jurisdiction to review wholly legislative acts, some agency determinations possess quasi–judicial characteristics and are appealable. *Hooper Telephone Co, supra.* Therefore, the character of a particular function as quasi–judicial or legislative in nature is an essential factor in determining the scope of judicial power and the extent to which a court may, with or without express authorization, review action of an administrative agency.

We have recognized that a true de novo review on the record, as mandated by the amended § 84–917, could violate the separation of powers doctrine. In dicta, we stated that a true de novo review of administrative decisions of an agency may transform a court into a super–agency. See *Department of Health v. Columbia West Corp.*, 227 Neb. 836, 420 N.W.2d 314 (1988). In *Columbia West Corp.*, we deemed this possibility to be beside the point, followed the legislative mandate, and proceeded to review the matter before us de novo, which required us to reach a decision independent of all dispositions that had gone before. Here, we are confronted with the issue of whether a true de novo standard of review violates the separation of powers doctrine. For the reasons stated below, we hold that a de novo review from appeals involving the exercise of an agency's quasi–judicial powers is constitutional.

In *Lux v. Mental Health Board of Polk County*, 202 Neb. 106, 274 N.W.2d 141 (1979), we considered whether a legislatively prescribed de novo standard of review violated the separation of powers doctrine. Appeals from final orders of the mental health board were, and still are, governed by Neb. Rev. Stat. § 83–1043 (Reissues 1976 & 1994) rather than the APA. However, like the APA, § 83–1043 provides that appeals from the mental health board to a district court shall be conducted de novo on the record.

In *Lux*, the district court affirmed the mental health board's finding that the appellant was a mentally ill dangerous person

and affirmed the board's order committing him to a regional center for treatment. The district court stated the function of the mental health board was a legislative function. The district court limited its review to a determination of whether the order was supported by substantial evidence; whether the board acted within the scope of its authority; and whether its action was arbitrary, capricious, or unreasonable. We stated:

> The District Court apparently assumed that, because the function of the board is prescribed and regulated by statute, the board was exercising a legislative function, and that the appropriate standard of review was therefore the limited one enunciated in recent cases such as Haller v. State ex rel. State Real Estate Commission, 198 Neb. 437, 253 N. W. 2d 280, Herink v. State ex rel. State Real Estate Commission, 198 Neb. 241, 252 N. W. 2d 172; American Assn. of University Professors v. Board of Regents, 198 Neb. 243, 253 N. W. 2d 1; and Scott v. State ex rel. Board of Nursing, 196 Neb. 681, 244 N. W. 2d 683.
>
> Those cases do hold that if a court is reviewing an exercise of authority which is in its nature legislative, then the Legislature may not prescribe a de novo standard of review, because that would constitute a violation of the constitutional requirement of separation of powers. Art. II, § 1, Nebraska Constitution; Keller v. Potomac Elec. Co., 261 U. S. 428, 43 S. Ct. 445, 67 L. Ed. 731. However, the District Court erred in assuming that merely because the board's function is prescribed by statute the board was therefore exercising a legislative function. None of the above-cited cases so held. . . .
>
> We have not heretofore attempted to define precisely the line between the judicial function and power and the legislative one. Probably we cannot do so. See Prendergast v. Nelson, 199 Neb. 97, 256 N. W. 2d 657 (concurring opinion of Clinton, J.). We must necessarily proceed upon a case-by-case basis. Utility ratemaking, for example, is a legislative function and subject only to limited judicial review. Keller v. Potomac Elec. Co., *supra*. The licensing and regulation of the professions dealing with health is a legislative function, and there is a similar limitation upon

judicial review. Scott v. State ex rel. Board of Nursing, *supra*. The initial determination of terms and conditions of employment is also a legislative function, Orleans Education Assn. v. School Dist. of Orleans, 193 Neb. 675, 229 N. W. 2d 172, as is the regulation and licensing of businesses. Haller v. State ex rel. State Real Estate Commission, *supra*; Herink v. State ex rel. State Real Estate Commission, *supra*. See, also, 16 C. J. S., Constitutional Law, § 107, p. 493. On the other hand, the determination of whether a party's statutory rights have been violated is clearly a judicial function and a legislature [sic] mandate requiring de novo review is proper. Snygg v. City of Scottsbluff Police Dept., 201 Neb. 16, 266 N. W. 2d 76.

202 Neb. at 108–09, 274 N.W.2d at 143–44.

Sections 84–917 and 84–918 deal only with appeals from contested cases. As stated above, a contested case is "a proceeding before an agency in which the legal rights, duties, or privileges of specific parties are required by law or constitutional right to be determined after an agency hearing." § 84–901(3). Contested cases are quasi-judicial in nature and involve determination of a party's rights. According to our holding in *Lux*, the legislative mandate of § 84–917 requiring de novo review by the district court of agency determinations is proper and does not necessarily violate the separation of powers doctrine.

### DISTRICT COURT ERRED IN INTERPRETING THE DEPARTMENT'S REGULATIONS

In conducting its de novo review, the district court overturned the Department's interpretation of § 011.06K. That regulation states, "Medicare regulations and administrator salary surveys for the Kansas City Region, adjusted for inflation by the Department of Health and Human Services, are used in determining reasonable salaries for administrators."

The district court interpreted this regulation as providing that the salary surveys for the Kansas City region were to be used only as a guideline in determining reasonable salaries for administrators. The district court rejected the Department's

purely mathematical application of salary surveys as a methodology of determining whether an administrator's salary was reasonable.

The Department argues that § 011.06K, when taken in its entirety and with due note of the key words "are used," dictates that salary surveys for the Kansas City region must be used to determine the maximum amount of reimbursement a facility can receive for an administrator's salary. In this case, Dale Shallenberger testified on April 28, 1992, regarding the salary survey. Shallenberger, a Department auditor, testified that the Nebraska Health Care Association had accepted the use of the Kansas City salary survey. Shallenberger testified that very few nursing homes' claims for administrative salary expenses exceed the maximum salary set by the Kansas City survey.

Recently, we were required to review a court's interpretation of another section of the same medicare regulations that are before us in this case. See *Sunrise Country Manor v. Neb. Dept. of Soc. Servs.*, 246 Neb. 726, 523 N.W.2d 499 (1994). In *Sunrise Country Manor*, we stated:

Ordinarily, deference is accorded to an agency's interpretation of its own regulations unless plainly erroneous or inconsistent. *In re Application of Jantzen*, 245 Neb. 81, 511 N.W.2d 504 (1994). However, agency regulations, properly adopted and filed with the Secretary of State of Nebraska, have the effect of statutory law. *Lynch v. Nebraska Dept. of Corr. Servs.*, 245 Neb. 603, 514 N.W.2d 310 (1994); *Nucor Steel v. Leuenberger*, 233 Neb. 863, 448 N.W.2d 909 (1989).

The meaning of a statute is a question of law, and a reviewing court is obligated to reach its conclusions independent of the determination made by the administrative agency. *Central Platte NRD v. State of Wyoming*, 245 Neb. 439, 513 N.W.2d 847 (1994). This court is obligated to reach an independent conclusion as to whether the Department's interpretation of its regulations was plainly erroneous or inconsistent, as was the district court.

246 Neb. at 735, 523 N.W.2d at 504-05.

The Department's interpretation of § 011.06K does not

appear to be plainly erroneous or inconsistent. The Department has clearly adopted the use of salary surveys as the method for determining the reasonability of an individual nursing home's claim for administrative salary expenses. We have previously declined to substitute our judgment for an administrative agency's methodology absent a showing that the agency's methodology exceeded the scope of its statutory authority. See, *Bethesda Found. v. Nebraska Dept. of Soc. Servs.*, 243 Neb. 130, 498 N.W.2d 86 (1993); *Beatrice Manor v. Department of Health*, 219 Neb. 141, 362 N.W.2d 45 (1985). We agree with the Department that § 011.06K mandates the use of the Kansas City salary surveys in determining the maximum amount of reimbursement a facility can receive for an administrator's salary.

## CONCLUSION

For the foregoing reasons, the finding and order of the district court dated June 22, 1993, with respect to the administrative salary adjustments is reversed, and the Department's finding and order dated May 29, 1992, is reinstated.

REVERSED.

FAHRNBRUCH, J., concurs in the result.